AXFORD v. DETROIT UNITED RAILWAY.

STREET RAILWAYS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.

In an action for damages to plaintiff's automobile caused by being struck by one of defendant's cars, where it appears that when plaintiff drove out of his yard in the morning defendant's workmen had the plank crossing in

---

On driving across street railway where view of approaching car is obstructed, as contributory negligence, see note in 32 L. R. A. (N. S.) 266.

front of plaintiff's premises torn up for repair, that' he
used a crossing a little to the north, that when he re-
turned in the evening, nearly dark, the northerly crossing
was torn out and the one opposite his premises was smooth
and had the appearance of being finished, but when he got
onto it he discovered one piece of planking was out, and
his car stalled and was struck before he could get it out,
it cannot be said that plaintiff was guilty of contributory
negligence, as a matter of law.

Error to Oakland; Rockwell (Kleber P.), J.   Sub-
mitted April 28, 1922.   (Docket No. 1.)   Decided
June 5, 1922.

Case by Samuel C. Axford against the Detroit
United Railway for damages to plaintiff's automobile.
Judgment for plaintiff.   Defendant brings error.   Af-
firmed.

*James H. Lynch*, for appellant.

*Earl L. Phillips*, for appellee.

BIRD, J.   Market street, in the village of Orion, ex-
tends north and south.   Plaintiff lives on the west
side of Market street.   Defendant constructed its
double track line on the westerly side of Market street
in front of plaintiff's house, and at the same time con-
structed a planked crossing 16 feet wide over its
tracks, so that plaintiff could drive from the street
onto his own premises.   On May 31, 1916, defendant's
servants were repairing this planked crossing.   When
plaintiff drove out of his yard in the morning with
his automobile to go to his farm he used the planked
crossing a little to the north of the one in question.
When he returned at night this crossing was also torn
up so he passed on to his own crossing.   Before driv-
ing onto the east track he looked and saw that the
crossing had been smoothed down and had the appear-

ance of having been repaired. When he got onto it, and before he had passed the "devil's strip," he discovered one piece of planking, 8 feet long, was out from between the rails of the west track. He directed his front wheels away from the hole, but his rear ones dropped into it, and at the same time his front wheels ran up onto a pile of rubbish left near the traveled way and his machine stalled. Coincident with this, one of defendant's freight cars came around the curve just north of his place and ran into and badly damaged his automobile. It cost plaintiff $234 to get it repaired and he recovered this sum in the Oakland circuit court.

The sole question raised by defendant is the failure of the trial court to direct a verdict for defendant on the ground that plaintiff was guilty of contributory negligence, as a matter of law. Defendant argues that plaintiff was familiar with the situation; that he knew that repairs were being made at his crossing, and had he looked as he should before going onto the track, he would have avoided the hole and the collision. The plaintiff replies that while he knew repairs were going on it was nearly night and the crossing had the appearance of having been finished, or, at least, smoothed down. That the crossing he went over in the morning was torn up and he had no other way to reach his premises. That he looked as he was driving on the east track, but did not discover it until he had got onto the track; that when he did discover it it was too late to stop his automobile. That he looked to the south and also to the north before driving on to see if a car was approaching. He could see only three or four rods to the north because the track turned abruptly to the west, and the bend was skirted with willow trees whose branches extended out to the track, which interfered with his view, and that the car came around the bend from the north and collided

with his car without giving any warning of its approach.

The conduct of plaintiff on this occasion must be measured by what the ordinarily prudent man would do under like circumstances.   Taking plaintiff's conduct in its entirety and the considerations which influenced it, the court cannot say it was, as a matter of law, negligent.   He was approaching, and attempting to get onto his premises, in the only way that was open.   It was night, or nearly so.   The crossing had been smoothed off and had the appearance of being finished.   Whether, under these and all the other circumstances, he should have observed the missing plank and the approaching car, are questions involving many considerations.   We think the trial court rightly determined that the question of plaintiff's negligence was one for the jury.

The judgment is affirmed.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.