SWINDLEHURST v. AMERICAN FIDELITY FIRE INSURANCE COMPANY.

1. JUDGMENT—RES JUDICATA.
   A party who fails to make a full presentation of his case, whereby judgment passes against him, cannot be permitted to make a better showing in a new suit.

2. SAME—RES JUDICATA—OPPORTUNITY TO PRESENT ISSUES.
   *Res judicata* applies not only to issues which were determined on their merits but also to matters which the parties had an opportunity to present for adjudication on the merits.

3. SAME—RES JUDICATA—PRIVIES.
   *Res judicata* rests upon the principle that a question once determined by a court of competent jurisdiction by a judgment on the merits is forever settled so far as litigants and those in privity with them are concerned.

4. ACTION—BREACH OF INSURANCE CONTRACT—CONVERSION.
   Plaintiff insured, whose tractor and trailer equipment were damaged in an accident and thereafter taken by the defendant insurer to defendant garagekeepers for repairs, had alterna-

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 30A Am Jur, Judgments § 324 *et seq.*
[4, 6, 7] 53 Am Jur, Trover and Conversion § 159.
[5] 30A Am Jur, Judgments §§ 347, 348.
[8] 33 Am Jur, Liens § 30; 53 Am Jur, Trover and Conversion § 193.

tive remedies for alleged failure to make acceptable repairs and subsequent sale of vehicles, by suit on the contracts of insurance for breach or suit in tort for conversion, but only 1 cause of action.

5. JUDGMENT—BASED ON PROCEDURAL RULES—DETERMINATION ON MERITS.

A judgment for defendant is not on the merits where it is based merely on rules of procedure rather than on rules of substantive law, but if the judgment determines that the plaintiff has no cause of action, it is on the merits.

6. SAME—BREACH OF CONTRACT—CONVERSION—RES JUDICATA—JURISDICTION.

Consequences of adverse judgment in action for breach of contract of insurance policies, from which plaintiff did not appeal may not be avoided by bringing a new action for conversion but based on the same cause of action, where the justiciable controversy was determined by a court of competent jurisdiction.

7. SAME—CONVERSION—BREACH OF CONTRACT—RES JUDICATA.

Directed verdict for defendant insurer was erroneously denied in action for conversion of tractor and trailer equipment belonging to plaintiff and which had been damaged in an accident, where a judgment had previously been rendered for defendant in action plaintiff had brought for breach of insurance policies and no appeal taken, the doctrine of *res judicata* being applicable.

8. TROVER AND CONVERSION—GARAGE-KEEPER'S LIEN—EVIDENCE.

Defendant garagekeeper was entitled to directed verdict in action for alleged conversion of plaintiff's damaged trailer defendant insurer had left for repairs and which was sold for charges, where plaintiff failed to introduce material evidence that the garage-keeper had not complied with the garage-keeper's lien law, since plaintiff failed to establish a prima facie case of conversion (CL 1948, § 570.301 *et seq.*).

Appeal from Ingham; Hughes (Sam Street), J. Submitted Division 2 November 2, 1965, at Lansing. (Docket No. 304.)   Decided February 22, 1966. Rehearing denied April 29, 1966. Leave to appeal denied by Supreme Court July 11, 1966.   Certiorari denied by Supreme Court of the United States May 15, 1967.   See 378 Mich 722.

Declaration by E. G. Swindlehurst against Amer-
ican Fidelity Fire Insurance Company, a foreign
corporation; Henry Sales, doing business as Sales
Welding; and C. C. Creed, Inc., a Michigan corpora-
tion, for conversion of tractor and trailer. Cause
dismissed as to defendant C. C. Creed, Inc. Verdicts
and judgments for plaintiff. On defendants' motion,
new trial granted unless plaintiff filed remittiturs.
Plaintiff appeals. Defendants cross-appeal. Re-
versed and judgment of no cause of action ordered
entered.

*H. Donald Bruce,* for plaintiff.

*Allaben & Massie* (*Keith A. Vander Weyden,* of
counsel), for defendant American Fidelity Fire In-
surance Company.

*Stephen T. Roumell,* for defendant Sales.

McGREGOR, P. J. This is a suit for the alleged
conversion of plaintiff's 1950 Ford tractor and
trailer. In September, 1950, plaintiff E. G. Swindle-
hurst was the owner of a tractor and steel hauling
trailer which were damaged in an accident. The
equipment was insured with defendant American
Fidelity Fire Insurance Company (hereinafter re-
ferred to as AFFI Co.) under separate policies of
$250 deductible collision insurance. Both policies
gave the AFFI Co. the option of repair. AFFI Co.
took possession of the damaged equipment, placing
the trailer with defendant Henry Sales and the
tractor with C. C. Creed, Inc. (hereinafter referred
to as Creed) for the necessary repairs. Swindle-
hurst considered the repair work done by Sales and
Creed to be unsatisfactory and refused to pay the
$250 deductible due each for their work under the

terms of the insurance policies or to retake possession of the equipment. Negotiations between the parties did not lead to any solution and a long record of litigation precedes the instant case.

In July, 1951, Swindlehurst brought a suit for breach of contract against AFFI Co. in Ingham county circuit court (No. 15,922). At the conclusion of Swindlehurst's proofs, AFFI Co.'s motion for a directed verdict of no cause of action on the merits was granted by the court, based on a failure to present proof as to damages. Swindlehurst's motion for a new trial was denied and no appeal was taken.

Separate suits were brought by Sales (Berrien county No. 9,754) and Creed (Berrien county No. 9,935) for the cost of repairs and storage charges, naming Swindlehurst and the AFFI Co. as defendants. A settlement was reached between Creed and the AFFI Co., and that suit was dismissed. The suit brought by Sales resulted in judgment on January 14, 1955, against AFFI Co. with the court finding that Sales "completed those repairs in a good, workmanlike manner", and further finding no cause of action as to Swindlehurst, based on the absence of privity of contract. On that day the plaintiff and the defendant Sales entered into an agreement that plaintiff would remove the trailer in 2 or 3 days without charge for storage, and that if plaintiff did not do so, there would be a charge for storage at the rate of $2 per day. Plaintiff Swindlehurst continued to refuse to take possession of the trailer and, about 9 months later, on October 19, 1955 (this being more than 5 years after defendant Sales received the trailer), defendant Sales, pursuant to the provisions of the garage-keeper's lien statute (CL 1948, § 570.301 et seq. [Stat Ann 1960 Rev § 9.1711 et seq.]), sold the trailer. The Ford tractor had been sold by Creed on April 12, 1954, pursuant to

the provisions of the garage-keeper's lien statute, *supra.*

In April, 1956, Swindlehurst brought suit against AFFI Co. in Ingham county (circuit court No. 18,020) demanding damages of $65,000 for breach of contract and loss of profits. After hearing part of the proofs the trial court ordered that a judgment of no cause of action be entered in favor of AFFI Co., holding that the issues had been previously adjudicated in the first suit tried before the Ingham county court and in an opinion, filed May 3, 1957, denying plaintiff's motion for a new trial, said:

"The first case (Ingham county No. 15,922) was based on what amounts to a conversion. The instant case is the same. If the plaintiff is right in the instant case, he should have appealed from the judgment entered in the former case.

"Motion for a new trial is denied."

The instant action for conversion was brought by Swindlehurst in September, 1957, naming AFFI Co., Sales, and Creed as defendants. An order was entered in 1958, dismissing Creed as a party defendant. Defendant Sales entered a plea of general denial; defendant AFFI Co. pleaded affirmative defenses of *res judicata,* split cause of action, election of remedies, and statute of limitations, and a plea of general denial. AFFI Co.'s motion to dismiss based on *res judicata* and the statute of limitations was denied by the Ingham county circuit court. The defendants' application for leave to appeal that decision was denied by the Supreme Court.

This case came to trial in November, 1962, and resulted in a jury verdict for Swindlehurst against AFFI Co. and Sales in the amount of $14,000 on the trailer, and for Swindlehurst against AFFI Co. alone in the amount of $42,000 on the tractor. Motions for a new trial were filed by both AFFI Co.

and Sales on December 19, 1962, with subsequent motions to amend the original motions filed, authorized, and accepted by the trial court.

On August 31, 1964, twenty-one months after the motion for new trial was filed,[*] the trial court filed its opinion on the motions for a new trial, holding that the verdicts were excessive and that a new trial would be granted unless Swindlehurst filed a remittitur of $38,000 of the verdict against AFFI Co. on the tractor, leaving a judgment of $4,000; and a remittitur of $10,000 of the verdict against AFFI Co. and Sales on the trailer, leaving a judgment of $4,000. Swindlehurst thereafter filed his claim of appeal and AFFI Co. and Sales filed claims of cross-appeal.

The first question we consider is whether or not the trial court erred in denying a motion made by defendant AFFI Co. for dismissal on the grounds of *res judicata.*

"It is not intended that a controversy shall be tried over and over, but rather that one suit, in which issues are tried and disposed of on the merits, must conclude the litigation. If a party fails in making a full presentation of his case, whereby the judgment has passed against him, he cannot be permitted to make a better showing in a new suit." *Banks* v. *Billups* (1958), 351 Mich 628, 635.

In *Strech* v. *Blissfield Schools* (1959), 357 Mich 620, 623, the Supreme Court said:

"*Res judicata* applies not only to issues which were determined on their merits but also to matters which the parties had an opportunity to present for adjudication on the merits. *Porth* v. *Cadillac Motor Car Co.,* 209 Mich 89; *Thompson* v. *Doore,* 269 Mich 466; *McDaniel* v. *Black,* 270 Mich 305; *Boyich* v. *J. A. Utley Co.,* 306 Mich 625."

---

[*] GCR 1963, 527.1(4).

In *Machen* v. *Budd Wheel Co.,* (1933), 265 Mich 530, 535, it is stated:

"The doctrine of *res judicata* rests upon the principle that a question once determined by a court of competent jurisdiction by a judgment on the merits is forever settled so far as litigants and those in privity with them are concerned."

Also:

"Where a valid and final personal judgment is rendered on the merits in favor of the defendant, the plaintiff cannot thereafter maintain an action on the original cause of action." Restatement, Judgments, § 48, p 191.

Plaintiff had alternative remedies available to him, though he had but one cause of action. He could sue on the contracts of insurance for breach or he could pursue the tort remedy of conversion. (See *Newman* v. *Olney,* 118 Mich 545.) Ingham county case No. 18,020, filed April 20, 1956, by the plaintiff against AFFI Co., in which a judgment for the defendant for no cause of action was entered, is *res judicata* as to the defendant AFFI Co. in the instant matter. In Restatement, Judgments, § 49, p 193, it is stated:

"A judgment for the defendant is not on the merits where it is based merely on rules of procedure rather than on rules of substantive law. If the judgment determines that the plaintiff has no cause of action, it is on the merits."

Plaintiff having failed to make use of any remedy available to him after the adverse judgments in previous cases, cannot avoid the consequences of failing to appeal by bringing a new suit clothed in a different form of action but based on the same cause of action. The issue between the plaintiff and defendant AFFI Co. herein decided adversely to the plaintiff (Ingham county circuit court No. 18,020)

are the same issues involved in the instant suit. The justiciable controversy in this case has heretofore been determined by a court of competent jurisdiction. The trial court in this matter erred in not granting defendant AFFI Co.'s motion to dismiss on the grounds of *res judicata*.

At the conclusion of the plaintiff's evidence, defendant Sales' counsel moved the court to direct a verdict of no cause of action. The record shows that plaintiff failed to introduce material evidence that the defendant Sales did not comply with the garage-keeper's lien law. Plaintiff therefore did not establish a prima facie case of conversion. Defendant Sales' motion for a directed verdict of no cause of action should have been granted. *Thoma* v. *Tracy Motor Sales* (1960), 360 Mich 434. In view of the decision herein, the other issues raised by the parties are irrelevant.

As to both defendants, the American Fidelity Fire Insurance Company and Henry Sales, the judgment of the trial court is reversed and a judgment of no cause of action shall be entered, with costs to appellees.

FITZGERALD and T. G. KAVANAGH, JJ., concurred.