COOK v. KENDRICK

1. Judgment—Res Judicata—Adversary Parties—Negligence.
   Codefendants are generally not adversary parties for the purposes of *res judicata* even though each alleges that the other alone was negligent; therefore a later action by one codefendant against the other is not affected by a verdict against only one in a cause in which they were codefendants unless they actually became adversaries in that cause through the filing of cross-pleadings.

2. Witnesses—Expert Testimony—Opinion—Causation.
   A properly qualified expert may give an opinion which embraces the ultimate issue of fact, but he may not give an opinion on legal conclusions of causation.

3. Witnesses — Expert Testimony — Opinion — Police Officer — Automobile Collision.
   Refusal of trial court to allow a police officer who had investigated an automobile accident to give his opinion on what caused the accident *held* a proper exercise of discretion where the record indicated failure to establish the officer's qualifications as an expert, and the witness indicated lack of knowledge of the accident's facts (GCR 1963, 605).

Appeal from Wayne, Thomas J. Murphy, J. Submitted Division 1 December 9, 1968, at Detroit. (Docket No. 4,938.) Decided February 24, 1969.

---

References for Points in Headnotes

[1] 30A Am Jur, Judgments §§ 392, 396.
[2] 31 Am Jur 2d, Expert and Opinion Evidence §§ 22, 69.
[3] 31 Am Jur 2d, Expert and Opinion Evidence §§ 26, 31, 146, 148,

Complaint by Walter H. Cook against Robert Kendrick for damages resulting from an automobile collision. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Weller, Summer & Feder,* for plaintiff.

*Blum and Sternberg, Chartered,* for defendant.

BEFORE: McGREGOR, P. J., and FITZGERALD and CYNAR,* JJ.

McGREGOR, P. J.    After an intersection collision between the automobiles of plaintiff and defendant, plaintiff filed a negligence action for damages in the circuit court. Defendant answered and filed a counterclaim for damages, alleging plaintiff's causal negligence. The jury returned a verdict for plaintiff against defendant, and found no cause of action on defendant's counterclaim. Various trial court rulings are the genesis of this appeal.

Before the circuit court action reached the trial stage, plaintiff and defendant were sued as codefendants in the common pleas court. The complaint, alleging the negligence of both codefendants, was filed by the owner of a parked car which had been struck by plaintiff's car after the intersection collision. Plaintiff and defendant each answered by contending that the other had negligently caused the accident and was the driver who failed to yield to the car travelling on a through street. Neither codefendant filed a cross-claim. During the trial, plaintiff, a codefendant in the Common Pleas Court action, admitted that he was driving on the through street, but denied the allegation that he was driving negligently. He contended that defendant's neg-

---

\* Circuit Judge, sitting on the Court of Appeals by assignment.

ligence and failure to yield the right of way caused the collision and subsequent damage to the parked car. Nevertheless, the common pleas judge rendered a judgment against plaintiff only.

Based on the common pleas court verdict, defendant moved unsuccessfully in the circuit court action for a summary judgment and later an accelerated judgment. Both motions were based on the theory of *res judicata.*

At the trial a police officer, testifying for defendant, stated that he occasionally evaluated accident evidence in composing accident reports. However, on plaintiff's objection, the witness was not allowed to answer questions which would have elicited an opinion as to the cause of the accident and the automobiles' direction.

The issues presented are whether the court committed error by (1) denying defendant's motions for summary and accelerated judgments, and (2) sustaining plaintiff's objection to opinion testimony concerning the accident's cause and the direction of the vehicles.

Defendant argues that the negligence issue was determined by the common pleas court verdict and, therefore, the subsequent litigation of plaintiff's circuit court claim of negligence against defendant was barred by the doctrine of *res judicata.* Thus, defendant contends, the motions for a summary and later an accelerated judgment should have been granted by the circuit court. Plaintiff contends that defendant's argument is based on a faulty premise which assumes that the negligence which caused the intersection collision also caused the plaintiffs' vehicle to strike the parked car.

Generally, codefendants are not adversary parties for the purposes of *res judicata,* even though each believes the other was at fault in a negligence case.

"A judgment ordinarily settles nothing as to the relative rights and liabilities of the co-plaintiffs or co-defendants *inter sese,* unless their hostile or conflicting claims were actually brought in issue, litigated, and determined."    50 CJS, Judgments, § 819. See also Restatement, Judgments, § 82.

The fact that a codefendant could have filed a cross-claim does not bar by *res judicata* a later action against the codefendant on a cross-claim action not filed.  *Meister* v. *Dillon* (1949), 324 Mich 389.

We find no error was committed by the trial court on the issue of *res judicata;* the motions for summary and accelerated judgments were properly denied.  The trial court's opinion is both compelling and thorough, and we submit the following excerpt:

"A jury brought in a verdict in favor of [plaintiff] (who was found liable in the common pleas court case brought by the owner of the parked car) against the defendant   *   *   *   and no cause of action on the defendant's counterclaim.

"There does not appear to be any Michigan case directly in point.

"The general rule of law applicable to the present facts is stated in 30A Am Jur, § 411, p 466, as follows:

" 'It is generally declared that a judgment operates as *res judicata* only with respect to parties who were adversaries in the proceedings wherein the judgment was entered.  However, the cases are not entirely in harmony as to the effect of a judgment in an action against two or more defendants with respect to the rights and liabilities of the defendants *inter se.*  The generally prevailing view is that parties to a judgment are not bound by it in subsequent controversies between each other, where they are not adversaries in the action in which the judgment is rendered and their rights and liabilities *inter se* are not put in issue and determined.'

"The annotation in 152 ALR, p 1066, states as follows:

" 'Parties to a judgment are not bound by it in subsequent controversies between each other, unless they were adversaries in the action wherein the judgment was entered, and * * * this is true whether the judgment is rendered in favor of the plaintiff or the defendants, the theory of the many decisions supporting the general rule being that the judgment merely adjudicates the right of the plaintiff as against each defendant, and leaves unadjudicated the rights of the defendants as among themselves.

" 'A matter of great concern, as regards the application of the above rule in a particular case, is the determination of the question whether the coparties came within the classification of adverse parties. Adverse parties have been defined as "those who, *by the pleadings,* are arrayed on opposite sides." *Merril* v. *St. Paul City R. Co.* (1927), 170 Minn 332 (212 NW 533).'

" ' "Opposite sides" in this sense is not restricted to the plaintiffs against defendants, since codefendants having a controversy *inter se* may come within such classification. But it has been said that *mere assertions in the separate answers that the other defendant was the one at fault does not make the defendants adversaries, where no counterclaim or cross pleadings are filed. Pearlman* v. *Truppo* (1932), 10 NJ Misc 477 (159 A 623).'

"*Pearlman* v. *Truppo* is one of the leading cases on this subject, and although it was decided in 1932 I still think it is the prevailing view.

"It holds that adverse parties as to whom judgment is *res judicata* are opposite parties to issue raised by appropriate cross-pleadings between themselves; that two defendants denying liability and alleging co-defendants negligent in separate answers are not adverse parties as to whom judgment was *res judicata* in subsequent suits between them; that

judgment aganst one or two defendants for injuries in an automobile collision is not *res judicata* in former action against the co-defendants for damages in the absence of counterclaims or cross-pleadings by either against the other; that the right of appeal from a judgment is essential to constitute *res judi-cata;* that the defendant cannot urge error in discharging co-defendant charged as joint tortfeasor on appeal in the absence of a counterclaim or cross-pleading raising the issue of liability between them.

"(Thus in this case Cook could not appeal the judgment of no cause of action against Kendrick in the common pleas court because he had failed to file a cross-claim.)     *   *   *

"Rule 39 of the Common Pleas Court of the City of Detroit provides:

" 'In all matters not herein provided for, or not expressly prohibited or specified by statute the Michigan Court Rules shall govern.'

"GCR 1963, 203.3 does not require the filing of cross-claims. It is merely permissive.

"Even claims that are required to be filed under § 1 are waived if not objected to by motion or at the pre-trial conference.

"Section 1 of Rule 203 reads as follows:

" 'Claims. A complaint shall state as a claim every claim either legal or equitable which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. Failure by motion or at the pretrial conference to object to improper joinder of claims or to a failure to join claims required to be joined constitutes a waiver of the required joinder rules and the *judgment shall not merge more than the claims actually litigated.'*

"The committee comment under this rule as set forth in 1 Honigman and Hawkins, Michigan Court

Rules Annotated (2d ed), p 473, the last sentence of the first paragraph, says:

" 'Nothing in this rule changes the application of the doctrine of collateral estoppel.'

"Since under the Michigan Court Rules the parties were not required to file cross-claims, the action in the common pleas court is not *res judicata* of the plaintiff's claim in this case."

On the second issue, defendant contends the trial court erroneously sustained plaintiff's objection to the police officer's testimony. Defendant argues that a properly qualified expert may give his opinion on the accident's cause and the direction of the vehicles. *Dudek* v. *Popp* (1964), 373 Mich 300; GCR 1963, 605. Plaintiff responds by alleging that the officer could not recall pertinent circumstances of the accident, he was not an expert and was not testifying from exhibits, and that his testimony would have gone to the ultimate issue of causation.

Although a properly qualified expert may give an opinion which is otherwise admissible but embraces the ultimate issue of fact, *Dudek, supra,* GCR 1963, 605, he may not give an opinion on legal conclusions of causation. *Washburn* v. *Lucas* (1964), 373 Mich 610; *LaFave* v. *Kroger Company* (1966), 5 Mich App 446. The record indicates that defendant did not establish the officer's qualifications as an expert.

"The judge, in his discretion, may require that a witness before testifying in terms of opinion or inference, be examined first concerning the data upon which the opinion or inference is founded." GCR 1963, 605.

Defendant did not lay a proper foundation of data concerning the accident and the officer's expertise before asking the questions engendering plaintiff's objection. The witness was not testifying from ex-

hibits and indicated a lack of knowledge of the accident's facts. Therefore, the trial judge properly exercised his discretion by preventing the officer from expressing his opinion on the cause of the accident and the direction of each automobile.

Affirmed. Costs to plaintiff.

All concurred.