GOMBER v DUTCH MAID DAIRY FARMS, INC

1. JUDGMENT—RES JUDICATA.

A judgment must be rendered on the merits, on the same matter in issue, and between the same parties or their privies to constitute a bar to a claim in a subsequent action.

2. JUDGMENT—NO CAUSE OF ACTION.

A judgment of no cause of action against a plaintiff is a judgment on the merits.

3. JUDGMENT—RES JUDICATA—ADVERSARY PARTIES—THIRD-PARTY PRACTICE—NEGLIGENCE.

A defendant in a negligence action who adds a third-party defendant is an adverse party to the third-party defendant for the purpose of application of the doctrine of res judicata if the codefendants have a controversy *inter se,* and if that controversy was actually brought in issue, litigated, and determined.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

The elements necessary to establish negligence and proximate cause are essentially the same as those needed to establish contributory negligence.

5. JUDGMENT—RES JUDICATA—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

A jury verdict of no cause of action against a third-party plaintiff and in favor of a third-party defendant in a first action in which the third-party plaintiff asserted that the third-party defendant was negligent and that such negligence was a proximate cause of an automobile collision is res judicata on the issue of the contributory negligence of the third-party defendant in a second action by him against the third-party plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments § 394 *et seq.*
[2] 46 Am Jur 2d, Judgments § 478.
[3, 5, 6] 46 Am Jur 2d, Judgments §§ 546–549.
[4] 57 Am Jur 2d, Negligence §§ 32, 127–131, 288, 317.

6. JUDGMENT—RES JUDICATA—NEGLIGENCE.

A plaintiff in a negligence action may not rely on a judgment against the defendant in a prior action by another plaintiff as res judicata on the issue of defendant's negligence, even though plaintiff in the instant case was a third-party defendant in the prior action, where the issue between the third parties was not the negligence of the present defendant.

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted Division 3 April 6, 1972, at Grand Rapids. (Docket Nos. 12112, 12113.) Decided August 29, 1972. Leave to appeal denied, 389 Mich 752.

Complaint by Lyle Gomber and Bertha Gomber against Dutch Maid Dairy Farms, Inc., and Fred R. McFarland for damages resulting from an automobile accident. From an order adjudging that the defendant Dutch Maid's negligence was res judicata and that the issue of plaintiff's contributory negligence was for the jury, plaintiffs and defendant Dutch Maid appeal. Reversed and remanded.

*John B. Nahan,* for plaintiffs.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for defendant Dutch Maid Dairy Farms, Inc.

Before: T. M. BURNS, P. J., and HOLBROOK and BORRADAILE,* JJ.

HOLBROOK, J. This case involves the question of whether certain findings of an Allegan County Circuit Court jury are res judicata as to issues raised in an action subsequently brought in Kalamazoo County Circuit Court. The facts are taken

---

* Probate judge, sitting on the Court of Appeals by assignment.

from the "concise statement of facts and proceed-
ings" certified by the trial judge in the Kalamazoo
court.

On September 8, 1967 at approximately 6:20
a.m., plaintiff herein, Lyle Gomber, was proceeding
to work in his automobile in an easterly direction
on highway M-89 about four miles east of Allegan,
Michigan. One Thomas R. Wuis was riding with
plaintiff as a share-the-ride passenger. It is con-
ceded that Wuis was not a guest passenger.

At the aforementioned time and place, defend-
ant Dutch Maid Dairy Farms, Inc.'s milk delivery
truck, operated by its employee Fred McFarland
within the course of his employment, while travel-
ing westerly on highway M-89, turned left off the
highway into the Westgate Farm. A collision be-
tween the plaintiffs' automobile and defendant
Dutch Maid's dairy truck resulted in Wuis and
plaintiff Gomber suffering injuries.

In an action brought by Wuis in Allegan County
Circuit Court against defendant Dutch Maid, Wuis
claimed that defendant Dutch Maid was guilty of
actionable negligence in that its employee Mc-
Farland (who, while being a named defendant, was
not served in either the Allegan County case or
the subsequent Kalamazoo case) negligently
turned or drove the dairy truck into the left side
or south half of the traveled portion of M-89 in
front of and into the path of Lyle Gomber. Defend-
ant Dutch Maid claimed that after its employee
had started his turn, the automobile driven by
Lyle Gomber came over a hill at a high and
excessive speed and struck the milk truck. Pursu-
ant to GCR 1963, 204, defendant Dutch Maid
added Lyle Gomber as a third-party defendant
under the theory that if it were adjudged negli-
gent, Gomber was also negligent and liable for
contribution. Third-party defendant Gomber de-

nied any excessive speed on his part and claimed that he had driven his automobile out of the southerly lane of the highway and onto the southerly shoulder in order to avoid colliding with the dairy truck. In so doing, he collided with a concrete culvert at the driveway where the truck had turned and then into the side of the dairy truck.

The Allegan County Circuit Court jury rendered a verdict in favor of Wuis, passenger in Lyle Gomber's automobile, against defendant Dutch Maid and a verdict of no cause of action in favor of third-party defendant Gomber.

Subsequently, plaintiffs herein, Lyle and Bertha Gomber, filed suit in Kalamazoo Circuit Court against defendant Dutch Maid for injuries sustained in the aforementioned collision. Pursuant to an issue raised at pretrial, plaintiffs filed an answer to defendant Dutch Maid's affirmative defense of contributory negligence alleging that the findings of the Allegan Circuit Court jury are res judicata in the instant case.

The Kalamazoo Circuit Court entered an order adjudging that the defendant Dutch Maid's negligence as found in the Allegan County case was res judicata and that the issue of the plaintiffs' driver Gomber's contributory negligence was for the jury. From this order, both defendant and plaintiff appeal.

## I.

We first consider the issue of whether the finding of the Allegan County jury of no cause of action against third-party plaintiff Dutch Maid and in favor of third-party defendant Lyle Gomber is res judicata as to the issue of Lyle Gomber's contributory negligence in the instant case.

The opinion of the Kalamazoo trial court included the following:

"The question of contributory negligence on the part of Lyle Gomber has not been determined and remains to be determined in this case as well as the question of damages.

"In the Allegan suit Gomber, the third-party defendant, could have asserted any defenses the defendant Dutch Maid Dairy had in the suit by the guest passenger, but of course, the issue of contributory negligence was not involved inasmuch as the plaintiff in Allegan was a guest passenger."

A review of the record indicates that it was conceded by all parties that the plaintiff Wuis in the Allegan County case was not a guest passenger. In fact, the "concise statement of facts and proceedings" so states. Thus, the Kalamazoo circuit court's determination that res judicata did not apply to the issue of plaintiff Gomber's contributory negligence based on the fact that the issue never arose in the Allegan County case because Wuis was a guest passenger was in error. However, this is not dispositive of the issue of whether res judicata now applies to the issue of contributory negligence in the instant case.

Two rules have been developed for the application of the doctrine of res judicata.

"It is a well-settled general rule that where a judgment is asserted as an absolute bar to another action on the same demand or cause of action, it is conclusive not only as to every matter that was offered in the former action to sustain or defeat the demand, but as to every other matter that might have been offered for that purpose. On the other hand, where the subsequent action is on a different demand or cause of action, the judgment operates as an estoppel only as to those matters in issue, or points controverted, upon the deter-

mination of which the finding or verdict was rendered. In other words, where the second action is upon the same cause of action, the judgment is conclusive upon every matter that might have been litigated in the former action, whether it was in fact litigated or not, while if the second action is upon a different cause of action, the judgment operates as an estoppel only as to the facts or questions actually litigated and determined." 128 ALR 483.

In the Allegan County case, the defendant Dutch Maid as third party plaintiff complained against Lyle Gomber, third party defendant, pursuant to GCR 1963, 204. In the instant case, defendant Dutch Maid asserts the affirmative defense of contributory negligence on the part of plaintiff Lyle Gomber. Accordingly, the subsequent action being brought by a different plaintiff on a different demand or cause of action, the judgment in the Allegan case can operate as an estoppel only as to those matters actually litigated and determined.

A judgment, to constitute a bar to a claim in a subsequent action, must be rendered on the merits, on the same matter in issue, and between the same parties or their privies. *Zak v Gray,* 324 Mich 522 (1949).

A review of the record clearly indicates that the parties in both actions are the same, plaintiff Bertha Gomber's action being derivative of her husband's. It is equally clear that the Allegan County Circuit Court's judgment of no cause of action as to third-party defendant Gomber's negligence was rendered upon the merits.

" 'If the judgment determines that the plaintiff has no cause of action, it is on the merits.' " *Swindlehurst v American Fidelity Fire Insurance Co,* 2 Mich App 329, 335 (1966); Restatement, Judgments, § 49, p 193.

The judgment in the Allegan County case as between these parties was rendered upon the issues of negligence of Gomber and whether that negligence was a proximate cause of the accident. The issues in the instant case are whether Gomber was guilty of contributory negligence and whether such negligence was a proximate cause of the accident. The elements necessary to establish negligence and proximate cause are essentially the same as those needed to establish contributory negligence. *Miller v Miller,* 373 Mich 519 (1964); *Grover v Simons,* 342 Mich 480 (1955); *Batchelor v Famous Cleaners & Dyers, Inc,* 310 Mich 654 (1945); *Young v Lee,* 310 Mich 42 (1944); *Axford v Detroit United R Co,* 218 Mich 514 (1922). Thus, in both suits, the real matters in issue were whether now plaintiff Gomber was negligent and whether such negligence was a proximate cause of the accident.

However, defendant Dutch Maid contends that the parties herein were not adversaries in the first suit. We find no merit to this contention.

Adverse parties have been defined as those who, by the pleadings, are arrayed on opposite sides. Opposite sides in this sense is not restricted to the plaintiffs against defendants, since codefendants having a controversy *inter se* may come within such classification. *Cook v Kendrick,* 16 Mich App 48, 52 (1969).

" 'A judgment ordinarily settles nothing as to the relative rights and liabilities of the coplaintiffs or codefendants *inter sese,* unless their hostile or conflicting claims were actually brought in issue, litigated, and determined.' " *Cook v Kendrick, supra,* p 51.

GCR 1963, 204.1 states in part as follows:

"When Defendant May Bring in Third Party.

"(1) Subject to the provisions of Section 3030 of the Insurance Code of 1956, before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may thereafter be liable to such third-party plaintiff, by right of contribution or otherwise, for all or part of the plaintiff's claim against him.

"(2) If the motion is granted and the summons and complaint are served, the person so served, hereinafter called the third-party defendant, shall make his defenses to the third-party plaintiff's claim as provided in Rule 111 and his counter-claims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 203. The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff."

Defendant Dutch Maid as third-party plaintiff served a summons and complaint on Lyle Gomber as third-party defendant in the Allegan County case alleging negligence that was a proximate cause of the accident. Third-party defendant Gomber answered denying these allegations. Third-party plaintiff Dutch Maid had the burden of establishing Gomber's negligence and that such negligence was a proximate cause of the accident by the preponderance of the evidence. As such, the two parties being arrayed on opposite sides by the pleadings, and having a controversy *inter se,* they were adverse parties. *Cook v Kendrick, supra.* We conclude that the judgment of no cause of action on the issues present in the Allegan County case is res judicata as to the issue of Gomber's contributory negligence in the instant case.

## II.

We now turn to the question of whether the finding of the Allegan jury of defendant Dutch Maid's negligence is res judicata on the issue of whether the defendant Dutch Maid was negligent in the instant case. We hold that it is not.

Plaintiff Gomber did not have the burden of establishing defendant Dutch Maid's negligence in the Allegan County case. The parties, thus, were not adversaries in that proceeding on that issue. *Cook v Kendrick, supra.* Furthermore, there was no judgment on the merits which established that defendant Dutch Maid was liable to plaintiff Gomber. Such a question was never in issue or decided. All that was decided in terms of defendant Dutch Maid's negligence was its liability to Wuis. Thus, the parties were also different, there being no showing of any privity between Wuis and Gomber. *Zak v Gray, supra.*

Reversed and remanded.

All concurred.