## DUNCAN v STATE HIGHWAY COMMISSION

Docket No. 77246. Submitted February 15, 1985, at Detroit.—Decided November 19, 1985.

Robert Hurd was injured in an automobile accident on the Davison Freeway in Highland Park. Hurd then filed a negligence action in the Wayne Circuit Court against Fred C. Duncan, the driver of the other vehicle involved in the accident, and The Singer Company, the owner of Duncan's vehicle. Prior to trial on that action, Hurd also filed a suit in the Court of Claims against the State of Michigan, State Highway Commission. The two actions were consolidated for trial. Following an opening statement by counsel for Hurd and some presentation of proofs, a directed verdict was entered in favor of the State Highway Commission. The trial continued and Duncan and The Singer Company were found liable and judgments were entered against them. Duncan and The Singer Company then filed the instant action in the Court of Claims seeking contribution from the State of Michigan, State Highway Commission on the basis of comparative fault. The commission moved for summary judgment, contending that the issue of the state's alleged failure to maintain the highway was res judicata, precluding an action for contribution. The Court of Claims, James R. Giddings, J., granted the motion, finding that even though Duncan and The Singer Company were not parties to Hurd's action against the state, res judicata applied because the trials were not separate. Duncan and The Singer Company appeal from the order of summary judgment. *Held:*

1. The state's motion for summary judgment should have been one for an accelerated judgment because of a prior judgment, GCR 1963, 116.1(5).

2. Res judicata is inapplicable here since the appellants' claim for contribution in this case is a different cause of action

REFERENCES

Am Jur 2d, Actions §§ 73 *et seq.*

Am Jur 2d, Contribution §§ 9 *et seq.*

Am Jur 2d, Judgments §§ 394 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Collateral Estoppel Doctrine; Contribution; Res Judicata.

from Hurd's claim of negligence; moreover, appellants were not parties to the Hurd action against the state.

3. Collateral estoppel is inapplicable here because it is not at all apparent that the issue of the state's negligent maintenance of the highway was fully litigated at trial. But even if it were, appellants were not party to that action.

4. Appellants' failure to intervene in the prior Court of Claims action does not bar a separate action for contribution.

Reversed.

1. ACTIONS — RES JUDICATA.

Res judicata bars the reinstitution of the same cause of action by the same parties in a subsequent suit.

2. ACTIONS — CONTRIBUTION.

A separate, substantive cause of action for contribution independent of the underlying suit which gave rise to it has been authorized in Michigan (MCL 600.2925, 600.2925c; MSA 27A.2925, 27A.2925[3]).

3. ESTOPPEL — COLLATERAL ESTOPPEL.

The doctrine of collateral estoppel provides that when a subsequent action is based on a new cause of action, a prior litigation is conclusive only as to issues actually litigated.

4. ESTOPPEL — COLLATERAL ESTOPPEL.

The doctrine of collateral estoppel requires that the respective litigants were parties or privy to a party to an action in which a valid judgment has been rendered; the parties must also have had a full opportunity to litigate the ultimate issues in the former action; Michigan requires that there be mutuality of estoppel; mutuality is present if both litigants in the second suit are bound by the judgment rendered in the first suit.

5. ACTIONS — RES JUDICATA — CODEFENDANTS — CROSS-CLAIMS.

The fact that a codefendant could have filed a cross-claim does not bar by res judicata a later action against the codefendant on a cross-claim action not filed.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Francis H. Porretta),* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Carl K. Carlsen* and *Thomas J. Killeen, Jr.,* Assistants Attorney General, for defendant.

Before: V. J. BRENNAN, P.J., and CYNAR and J. W. FITZGERALD,* JJ.

PER CURIAM. The issue in this case is whether plaintiffs are precluded from seeking contribution from a defendant who was found not liable in an action separate from that in which plaintiffs were found liable.

Robert Hurd was injured in an automobile accident in 1979 on the Davison Freeway in Highland Park. Hurd filed a negligence action against Fred Duncan, driver of the truck, and The Singer Company, owner of the truck, in Wayne County Circuit Court. Both Duncan and Singer are plaintiffs-appellants in the instant case.

Prior to trial on that action, Hurd filed suit in the Court of Claims against the State Highway Commission, defendant-appellee in the instant action. The circuit court and Court of Claims actions were consolidated for trial.

At the consolidated trial, following opening statement by counsel for Hurd and some presentation of proofs, a directed verdict was entered in favor of the State Highway Commission. Trial continued, and Duncan and Singer were found liable and judgments were entered against them.

Appellants, Duncan and Singer, then filed this action in the Court of Claims seeking contribution from the state on the basis of comparative fault. Defendant, State Highway Commission, moved for summary judgment, contending that the issue of the state's alleged failure to maintain the highway was res judicata, precluding an action for contribution. The Court of Claims judge agreed with the state, finding that even though Duncan and Singer were not parties to Hurd's action against the state,

---

* Retired Supreme Court Justice, sitting on the Court of Appeals by assignment.

res judicata applied because the trials were not separate.

From the summary judgment entered against them in their action for contribution, plaintiffs appeal as of right.

We think defendant's motion should have been one for accelerated judgment, GCR 1963, 116.1(5), which bars claims because of a prior judgment, and we will treat it as such.

Defendant argues, and the trial court found, that the issue of defendant's liability is res judicata, having already been litigated in the Hurd action against defendant. Res judicata bars the reinstitution of the same cause of action by the same parties in a subsequent suit. *Topps-Toeller, Inc v Lansing,* 47 Mich App 720, 727; 209 NW2d 843 (1973), *lv den* 390 Mich 788 (1973). The Michigan statute authorizing contribution, MCL 600.2925; MSA 27A.2925, established a substantive cause of action independent of the underlying suit which gave rise to it. *Sziber v Stout,* 419 Mich 514, 527; 358 NW2d 330 (1984). Appellants' claim for contribution in this case is a different cause of action than Hurd's claim of negligence; moreover, appellants were not parties to the Hurd action against defendant. Res judicata is clearly inapplicable here.

When the subsequent action is based on a new cause of action, the prior litigation is conclusive only as to issues actually litigated. This is the doctrine of collateral estoppel. *People, ex rel Director of Conservation v Babcock,* 38 Mich App 336, 346; 196 NW2d 489 (1972). The requirement that the respective litigants were parties or privy to a party to an action in which a valid judgment has been rendered is critical to the assertion of collateral estoppel. *Howell v Vito's Trucking & Excavat-*

*ing Co,* 386 Mich 37, 42; 191 NW2d 313 (1971). This is known as privity:

" 'Under the requirement of privity, only parties to the former judgment or their privies may take advantage of or be bound by it. A party in this connection is one who is "directly interested in the subject matter, and had a right to make defense, or to control the proceedings, and to appeal from the judgment." A privy is one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase.' " *Howell v Vito's, supra,* p 43 (citations omitted).

Michigan also requires that there be mutuality of estoppel. Mutuality is present if both ligitants in the second suit are bound by the judgment rendered in the first suit. *Stolaruk Corp v Dep't of Transportation,* 114 Mich App 357, 362; 319 NW2d 581 (1982).

In order for collateral estoppel to apply, the parties must also have had a full opportunity to litigate the ultimate issues in the former action. *Fifield v Edwards,* 39 Mich 264 (1878); *Stolaruk, supra,* p 362. The *Stolaruk* Court found that plaintiff had a full and fair opportunity to litigate the issue in question because both parties presented arguments on the issue and plaintiff chose not to present any additional evidence at that time.

In the instant case, in contrast, not only were appellants not parties to the prior action, but there is no indication that the issue of defendant's negligent maintenance of the highway was fully litigated. The transcript of the Hurd trial has not been provided to us, but in aruging against the motion for summary judgment in this contribution action, appellants' attorney explained that, in his opening statement in the Hurd trial, counsel for

Hurd stated that he had no evidence against the state; counsel for the state immediately requested a directed verdict; the court held it in abeyance until a highway employee took the stand and authenticated the major trial exhibit, a chart showing the highway where the accident occurred, after which the court granted the motion for directed verdict for the state.

If this is an accurate portrayal of the trial proceedings, it would not consitutue a full litigation of the issue for purposes of collateral estoppel.

Defendant argues that appellants could have filed a claim against defendant, but never did. Appellants could have sought to file a third-party complaint against defendant, or sought to intervene in the Court of Claims action; they did neither, for reasons unknown.

However, appellants were not *required* to file a claim against defendant to preserve their right of contribution. MCL 600.2925c; MSA 27A.2925(3) permits a tortfeasor to seek contribution in a separate action, so that "plaintiff's caprice in choosing to join or not to join third-party defendants is not determinant of third-party plaintiffs' right to contribution". *Sziber v Stout, supra,* p 527, citing *Caldwell v Fox,* 394 Mich 401, 420; 231 NW2d 46 (1975). The fact that a codefendant could have filed a cross-claim does not bar by res judicata a later action against the codefendant on a cross-claim action not filed. *Cook v Kendrick,* 16 Mich App 48, 51; 167 NW2d 483 (1969).

In this case, matters were complicated by the fact that the potential third-party defendant was an agency of the state, against which claims for money damages may be brought only in the Court of Claims. Appellants therefore could not have impleaded the state. They could have sought to intervene in the Court of Claims action, but they

were not required to do so. Although it would have been expedient for them to have attempted that route, their claim for contribution cannot be barred on collateral estoppel grounds because they did not.

The cases on which defendant relies are distinguishable. In *Johnson v Bundy,* 129 Mich App 393; 342 NW2d 567 (1983), the parties to the indemnification action had been parties to the original action, and that was the Court's basis for not following *Cook v Kendrick, supra.* Unlike the parties in *Braxton v Litchalk,* 55 Mich App 708; 223 NW2d 316 (1974), it cannot be said that Hurd's interest in prosecuting his claim against the state was substantially identical to appellants' interest in obtaining contribution from the state. The decision in *Darin & Armstrong v Ben Agree Co,* 88 Mich App 128; 276 NW2d 869 (1979), *lv den* 406 Mich 1007 (1979), hinged on the special nature of the indemnitor-indemnitee relationship. In the instant case, although appellants asserted claims for both indemnification and contribution, they have not pursued their indemnification claim.

In conclusion, we find res judicata inapplicable here because appellants' contribution claim is a cause of action different from those ivolved at trial. We find collateral estoppel inapplicable because it is not at all apparent that the issue of defendant's negligence was fully litigated at trial, but even if it were, appellants were not party to that action, and their failure to intervene does not bar a separate action for contribution.

Reversed.