■ JAMES N. HARVEY et al., Respondents, v AMATEUR HOCKEY ASSOCIATION OF THE UNITED STATES, Appellant.—Order, Supreme Court, New York County (Myriam Altman, J.), entered on December 18, 1989, which denied the motion by defendant Amateur Hockey Association of the United States (the "Association") pursuant to CPLR 3212 for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Order, of the same court and same Justice, entered on May 10, 1990, which granted the Association's motion for reargument, and, upon reargument, adhered to the court's prior determination dismissing the complaint, unanimously affirmed, without costs.

Plaintiff Volkswagen of America, Inc. ("Volkswagen") and its advertising agency, James Neal Harvey, Inc. ("Harvey"), brought this action against the Amateur Hockey Association for breach of contract and warranty concerning the right to sell or distribute posters of the 1980 United States Olympic Hockey Team. Specifically, by an agreement executed on March 12, 1980, the Association granted Volkswagen the exclusive right to utilize the name, logo, trademarks and other identifying symbols of the United States Hockey Team to promote Volkswagen products in a single television commercial and in "print commercial materials" supporting the television campaign. Nevertheless, by a separate agreement executed on March 13, 1980, the Association granted J.B. Bonelli "exclusive print and poster rights to the 1980 U.S. Hockey Team".

Bonelli commenced an action in Michigan against Volkswagen, Harvey and the Association for breach of contract and tortious interference with contractual relations which, after a jury trial, resulted in a verdict in favor of Bonelli and against defendants Volkswagen and Harvey based on their interference with Bonelli's exclusive rights to sell posters of the hockey team, but resulted in a verdict of "no cause of action" in favor of the Association. The judgment was thereafter affirmed on appeal. (Bonelli v Volkswagen of Am., 166 Mich App 483, 421 NW2d 213, appeal denied 430 Mich 896, reconsideration denied 432 Mich 872.)

The IAS court did not err in denying the Association's motion for summary judgment dismissing the complaint on the ground that Volkswagen and Harvey were barred by the doctrine of collateral estoppel from asserting their present claims against the Association. Initially, Michigan law governs the question of whether the doctrine of collateral estoppel does or does not bar the plaintiffs' present claims against the Association. (*Schultz v Boy Scouts,* 65 NY2d 189, 204.) Michigan Law, unlike New York Law, will only give preclusive effect to a prior judgment where the co-defendants in the prior action were "adversaries" who had filed formal cross-claims or third party claims against each other and where the claim alleged or the issue raised was actually set forth in the pleadings between the parties. (*Gomber v Dutch Maid Dairy Farms,* 42 Mich App 505, 202 NW2d 566; *Cook v Kendrick,* 16 Mich App 48, 167 NW2d 483.)

With this in mind, we find that the IAS court properly determined that the plaintiffs were not barred, under Michigan law, from bringing the underlying action. No cross-claims or third party claims were ever filed between the Association and the plaintiffs herein in the prior Michigan action, nor were the scope or applicability of the warranty provision in the March 12, 1980 agreement at issue in the prior Michigan action.

Finally, we find that triable issues of fact, precluding summary judgment, have been raised as to whether the phrase "print commercial materials" as utilized in the parties' March 12, 1980 Agreement encompassed Harvey's and Volkswagen's right to distribute a poster-sized print of the United States Hockey Team. (*Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172.) Concur—Carro, J. P., Wallach, Ross, Kassal and Rubin, JJ.