APCOA, INC v DEPARTMENT OF TREASURY

Docket Nos. 164715, 164716. Submitted November 8, 1994, at Lansing.
Decided May 23, 1995; approved for publication July 13, 1995,
at 9:00 A.M. Leave to appeal sought.

APCOA, Inc., petitioned the Michigan Tax Tribunal for a partial
refund by the Department of Treasury of single business taxes
paid in 1983 through 1986. APCOA, which operated parking
facilities at Detroit Metropolitan Airport under a contract with
Wayne County, claimed that its tax base should not have
included reimbursements it received from the county for oper-
ating expenses, including payroll expenses. The county inter-
vened as a petitioner. The tribunal ruled in favor of the
department. APCOA and the county filed separate appeals,
which were consolidated.

The Court of Appeals *held:*

1. Competent, material, and substantial evidence supports
the tribunal's finding that, under the terms of the contract
between APCOA and the county, the employees for whom the
payroll expenses were incurred were employees of APCOA
rather than the county. The Single Business Tax Act requires a
business entity to include compensation paid to its employees
in its tax base. MCL 208.9(5); MSA 7.558(9)(5).

2. Regarding the other reimbursed expenses, monies received
by a management agent as reimbursement of expenses are
properly included in the calculation of the management agent's
single business tax liability.

3. APCOA is not a governmental entity and monies it re-
ceived from the county as reimbursement for expenses are not
exempt from the single business tax under the government
enterprise exemption. MCL 208.35(1)(b); MSA 7.558(35)(1)(b).

4. The Department of Treasury is not collaterally estopped
from maintaining in this case an argument it had lost in a
prior case in the tribunal involving another taxpayer. The
petitioners in this case are not the privies of the taxpayer in
the prior case and therefore are not entitled to claim collateral
estoppel.

5. The admission of testimony by an expert for the depart-
ment regarding interpretation of the Single Business Tax Act,

if error, was harmless in light of the tribunal's correct interpretation of the act.

Affirmed.

*Coleman E. Klein,* for APCOA, Inc.

*Mary Rose MacMillan,* Assistant Corporation Counsel, for Wayne County.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Russell E. Prins* and *Ross H. Bishop,* Assistant Attorneys General, for the Department of Treasury.

Before: CONNOR, P.J., and SAWYER and G. R. CORSIGLIA,* JJ.

PER CURIAM. Petitioners appeal from a judgment of the Tax Tribunal denying a refund of single business taxes. We affirm.

Petitioner APCOA, Inc., operated parking structures at Detroit Metropolitan Airport for petitioner Wayne County and at other sites for the City of Flint. APCOA had entered into one contract with Wayne County and into various contracts with the City of Flint.

APCOA's contract with Wayne County lists APCOA as an independent contractor, though petitioners define the contract as a satisfaction contract. Wayne County was afforded a great deal of control over how the parking facilities were run. It could control the number of staff, the type of people hired, and the types of controls or systems utilized in the operation of the parking structures. Proceeds from the parking structures had to be deposited in bank accounts to which APCOA did not have access and APCOA could not change the parking rates without permission. However, the

* Circuit judge, sitting on the Court of Appeals by assignment.

workers in the parking structures were employed by APCOA and were not considered to be county employees. A similar situation existed with respect to the operation of the parking structures in Flint. In exchange for managing the operation of these structures, APCOA received a percentage of the gross parking revenues as a management fee and was reimbursed for all of its direct operating expenses, such as payroll and insurance payments.

After paying the single business tax for the years 1983 through 1986, APCOA filed an amended return requesting refunds of $74,028 for those years. APCOA contended that respondent improperly levied a tax on the amount it received as reimbursement for operating expenses. APCOA does not contest the payment of the single business tax on its management fee. Wayne County intervened as a petitioner in the dispute.

The Tax Tribunal held that, since the on-site employees were employees of APCOA, the compensation reimbursement could not be considered amounts received in an agency capacity and therefore were not excludable from the single business tax. The tribunal also held that the reimbursed expenses were not amounts received on behalf of another because the expenses incurred by APCOA were necessary to generate the management fee. Finally, the tribunal determined that APCOA's reimbursements for operating expenses did not qualify for the government enterprise exemption.

Petitioners first argue that the tribunal erred in failing to find that APCOA was an agent of the government entities. We disagree. The Single Business Tax Act requires a business entity to include compensation paid to its employees in its tax base. MCL 208.9(5); MSA 7.558(9)(5). Thus, if APCOA were merely receiving reimbursements for payroll

disbursements to county or city employees, those reimbursements were not to be included in its tax base.

We review Tax Tribunal decisions to determine whether they are authorized by law and whether the factual findings are supported by competent, material, and substantial evidence on the whole record. *Mid America Management Corp v Dep't of Treasury,* 153 Mich App 446, 460; 395 NW2d 702 (1986). Substantial evidence must be more than a scintilla of evidence, but may be less than the preponderance of evidence necessary in most civil cases. *Id.* In the case at bar, we are satisfied that there was sufficient evidence to support the tribunal's finding.

In *Mid America, supra,* this Court affirmed a Tax Tribunal decision that held that certain employees were employees of a housing project owner rather than of the petitioner, the management agent of the housing project. However, in *Mid America,* the management contract between the management agent and the project owner specifically provided that all on-site employees would be considered employees of the project owner and not the petitioner. No such provisions exist in the contracts at issue in the case at bar. For example, the contract with Wayne County, in § 16.A, specifically provides that the manager must provide all personnel required for the efficient operation of the parking facilities and under ¶ G that there shall be sufficient personnel supplied by the manager to allow parking patrons to promptly leave the parking lot. More directly, ¶ 22 specifically refers to an obligation that the "MANAGER's employees" shall wear uniforms. Similarly, ¶ 34 makes reference to the replacement of the manager's employees should the county deem it necessary and that the county reserved the right to

require the manager to provide listings of proposed employees before doing any hiring.

Thus, unlike the case in *Mid America* where the contract specifically provided that employees were to be employees of the project owner, no such reference occurs in the contract with Wayne County and, in fact, those references that refer to employees deem them to be employees of APCOA. Similarly, the contracts with the City of Flint specifically state, in ¶ 6(c), that the operator (APCOA) shall employ on "behalf of Operator" personnel to operate the premises. Thus, it was explicitly recognized that the employees were employees of APCOA, not the City of Flint.

In light of the above contractual provisions, we conclude that there was sufficient evidence to support the conclusion that the employees were the employees of APCOA rather than of the municipal governments, and, therefore, the Tax Tribunal did not err in so holding.

Petitioners next argue that the reimbursements to APCOA for payroll and other expenses should be excluded from the calculation of their single business tax liability. We disagree. With respect to the issue of wage payments, that argument is premised upon APCOA not being the employer of the employees on the payroll. Since, as discussed above, the Tax Tribunal correctly ruled that they were employees of APCOA, this argument is without merit.

With respect to the inclusion of the reimbursement for other expenses, monies received by a management agent as reimbursement of expenses are properly included in the calculation of the management agent's single business tax liability. *Stratton-Cheeseman Management Co v Dep't of Treasury,* 159 Mich App 719; 407 NW2d 398 (1987).

Petitioners next argue that APCOA should be exempt from the single business tax under the government enterprise exemption, MCL 208.35(1)(b); MSA 7.558(35)(1)(b), because it is acting as an arm of a government enterprise. We disagree. A taxpayer has the burden of proving the entitlement to a tax exemption and tax exemption statutes are strictly construed in favor of the government. *Beckman Production Services, Inc v Dep't of Treasury,* 202 Mich App 342, 345; 508 NW2d 178 (1993).

In the case at bar, the Tax Tribunal ruled that the publicly owned property and the parking revenues collected by APCOA in its capacity as the county's or city's agent or representative was excludable from the single business tax under the government enterprise exemption, but that the monies received by APCOA itself as a management fee or reimbursement of expenses was properly included in the calculation of APCOA's single business tax liability. We agree with the Tax Tribunal's interpretation. Simply put, APCOA is not a governmental entity. Therefore, the monies it receives for its own operations, be it a management fee or reimbursed expenses, do not represent activity of a governmental entity. Rather, it represents the activity of a private entity that does business with the government. This is in contrast to the parking revenues, which the Tax Tribunal properly ruled were excluded under the government enterprise exemption, because those revenues belong to the municipalities and are directly deposited into their accounts and APCOA has no right to retain those monies.

Petitioners next argue that respondent is collaterally estopped from maintaining its position in the case at bar because it had lost on virtually the

same issue in a different case in the Tax Tribunal. *System Parking v Dep't of Treasury,* 5 MTTR 518 (Docket No. 91346, March 14, 1988). However, the collateral estoppel doctrine applies only where the same parties or their privies are involved in the subsequent litigation and in the prior litigation. *Duncan v State Hwy Comm,* 147 Mich App 267, 270; 382 NW2d 762 (1985). Because petitioners were not the privies of the petitioner in the prior Tax Tribunal proceedings, they are not entitled to claim collateral estoppel.

Finally, petitioners argue that the tribunal erred in allowing respondent to present the testimony of an expert regarding his opinion of the legal interpretation of the application of the single business tax to this case. However, we need not address this issue because we believe that any error in admitting the witness' testimony was harmless. That is, regardless of the witness' opinion concerning the correct interpretation of the single business tax statute, we are satisfied that the interpretation employed by the tribunal was correct.

Affirmed. Respondent may tax costs.

CONNOR, P.J., did not participate.