CITY OF MASON v MASON STATE BANK

UNITED STATES FIDELITY & GUARANTY COMPANY v BARTON

BUCHMAN v INGHAM COUNTY FARM BUREAU, INC.

1. Estoppel—Collateral Estoppel—Res Judicata—Matters Litigated.

A judgment entered in an action conclusively settles that action, under the doctrine of res judicata, as to all matters that were or might have been litigated or adjudged therein; however, a prior judgment between the parties operates as an estoppel, in a suit on a cause of action different from that forming the basis for the original suit, only as to those matters in issue upon which the judgment was rendered.

2. Estoppel—Collateral Estoppel—Identity of Parties—Substantial Identity—Mutuality of Estoppel.

Collateral estoppel will bar the relitigation of issues actually litigated and determined in an earlier suit where there is substantial identity of parties, and where there is mutuality of estoppel so that the party taking advantage of the earlier adjudication would have been bound by it, had the ruling been adverse to him.

3. Negligence—Third Parties—Intervening Act—Superseding Cause.

A negligent intervening act of a third person is not a superseding cause of harm to another which the principal actor's negligent conduct is a substantial factor in bringing about, if the actor at the time of his negligent conduct should have realized that a third person might so act, or if a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted.

REFERENCES FOR POINTS IN HEADNOTES

[1] 28 Am Jur 2d, Estoppel and Waiver § 135.
[2, 5] 28 Am Jur 2d, Estoppel and Waiver § 115.
[3] 28 Am Jur 2d, Estoppel and Waiver § 61.
[4] 46 Am Jur 2d, Judgments §§ 445, 585.
Pleading waiver, estoppel, and res judicata. 120 ALR 8.

4. ESTOPPEL—RES JUDICATA—CODEFENDANTS—CONFLICTING CLAIMS.

The relative rights and liabilities of codefendants *inter sese* cannot be used by those codefendants under application of the doctrine of res judicata unless those conflicting claims were actually brought in issue and litigated in the prior action.

5. ESTOPPEL—COLLATERAL ESTOPPEL—CODEFENDANTS—IDENTITY OF PARTIES—MUTUALITY OF ESTOPPEL.

Codefendants in an action by a city seeking contribution for damages to a building where the city and the several codefendants each had a role in the events which led to the damage, and where a prior action by the building's owner resulted in a judgment of negligence against the city, cannot rely upon the doctrine of collateral estoppel to avoid liability where the parties other than the city did not participate in the first proceeding and no determination of the respective liabilities of the various parties was made and where the codefendants did not establish the existence of mutuality of estoppel.

Appeal from Ingham, Thomas L. Brown, J. Submitted June 2, 1975, at Lansing. (Docket Nos. 21075, 21076.) Decided August 13, 1975.

Complaint by the City of Mason against the Mason State Bank, Clara Vanderveen, and William and Janet Buchman for nuisance for failure to clear away debris from a damaged building. Ingham County Farm Bureau, Inc., John J. Mahaney Excavating Company, Merle Richardson, Lawrence Barton, and Mayotte-Webb Architects, Inc. added as third-party defendants. Counterclaims by Barton and the Buchmans against the city. A separate trial was held on only those issues to which the Buchmans and the city were parties, judgment for the Buchmans.

Complaint by William and Janet Buchman against Ingham County Farm Bureau, Inc. and others for damages for destruction of the plaintiff's building. Complaint by United States Fidelity & Guaranty Company against Lawrence Barton and others for reimbursement of monies paid as insur-

ance proceeds. Cases consolidated, and summary judgment granted in favor of Ingham County Farm Bureau, Inc., Lawrence Barton, John J. Mahaney Excavating Company, and Merle Richardson, and against the City of Mason. City of Mason appeals. Reversed and remanded.

*O'Brien & Noud,* for plaintiff City of Mason.

*Foster, Lindemer, Swift & Collins* (by *Webb A. Smith* and *Nicholas B. Waite),* for Ingham County Farm Bureau, Inc.

*Fraser, Trebilcock, Davis & Foster* (by *Eugene F. Townsend, Jr.),* for Lawrence Barton.

Before: BASHARA, P. J., and J. H. GILLIS and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. This appeal arises from the grant of summary judgment in favor of appellees Ingham County Farm Bureau, Lawrence Barton, John J. Mahaney Excavating Company, and Merle Richardson, and against appellant City of Mason. The trial court ruled that the city would be liable for indemnification for damages resulting from the collapse of a bakery building owned by William and Janet Buchman.

In early 1968, appellee Farm Bureau decided to construct a building on a lot it owned adjacent to the Buchmans' bakery. The architectural firm of Mayotte-Webb Architects, Inc. was hired to prepare plans for the building. Lawrence Barton, employed as general contractor, subcontracted the excavation to John J. Mahaney Excavating Company (hereafter "Mahaney").

The trouble began when Mahaney's employee, Merle Richardson, using a machine known as a

"backhoe", removed the subjacent support for the bakery. On May 7, 1968, at about 11:30 a.m., a portion of the exposed basement wall of the bakery began to crumble and fall into the excavation. Massive cracks developed in the remaining wall which faced the excavation.

Approximately an hour after the collapse began the general contractor, Barton, and the Mason Chief of Police consulted and agreed that the condition of the remaining wall facing the excavation was dangerous and that something should be done to remedy the situation. At about 2 p.m., Merle Richardson used the backhoe to knock down the wall. It is greatly disputed whether this was done at the express or implied command of the police chief and whether Buchman had given his consent.

In any event, the status of the building remained unchanged until four months later when the City of Mason filed a nuisance action (Lower Court No. 8936-C) against the Buchmans for their failure to clear away the debris of the destroyed building. The court entered an order that the building constituted a nuisance and that the city should abate this nuisance. No determination, however, was made at that time as to the responsibility for costs of abatement. On the same day that the order was entered, the Buchmans obtained leave from the court to join the Farm Bureau, Barton, Mahaney, and Richardson as third-party defendants on the theory that they had caused the collapse of the building. The Buchmans' third-party complaint, in addition, sought damages for the destruction of the bakery and its contents, loss of profits and incidental damages. Thereafter, various cross-complaints for indemnification were filed by the third-party defendants against each other.

On November 1, 1968, third-party defendant Barton filed a counter-claim for indemnification against the city. Subsequently, the architectural firm of Mayotte-Webb was added as a third-party defendant. On August 27, 1970, the Buchmans amended their answer to include a counter-claim against the city for the same damages which they sought from the third-party defendants, on the theory that the city had also contributed to the loss. On May 5, 1971, the circuit court granted a motion by the third-party defendants to limit the scope of the Buchmans' third-party complaint against them to the city's nuisance claim against the Buchmans.

The Buchmans then instituted a separate action (Lower Court No. 13037-C) against Farm Bureau, Barton, Mahaney, Richardson and the City of Mason. The complaint alleged that the defendants' negligence had resulted in the destruction of their building and its contents, loss of profits and incidental damages. Various of the defendants then cross-claimed for indemnification against each other and also brought a third-party action against Mayotte-Webb.

Meanwhile, on July 30, 1970, United States Fidelity & Guaranty Co. had instituted a subrogation action (Lower Court No. 12074-C) against Barton, Mahaney and Richardson for moneys it had reimbursed the Buchmans as insurance proceeds for their personal property destroyed in the building's collapse. In May of 1971, Barton made Farm Bureau, Mayotte-Webb and the City of Mason third-party defendants to this action.

Prior to trial on the original nuisance action, motions were made by various third-party defendants to dismiss all third-party complaints and cross-complaints on the theory that the issues

raised in such complaints would be more expeditiously tried in the Buchmans' action (#13037-C). The City of Mason moved that the court enter an order granting it a separate trial on the issues raised in its nuisance complaint against the Buchmans. The court denied the motion to dismiss the third-party complaints in the nuisance action but did order a separate trial on the issues raised by the city in its complaint against the Buchmans. On May 15 and 16, a trial was held on only the issues to which the city and the Buchmans were parties. The other parties did not participate in this proceeding.

The trial court found that the city could not collect the cost of clearing away the debris from the Buchmans since the city was at least partially responsible for the destruction of the building. The Chief of Police, acting with apparent authority, had issued an order which "touched off" the events resulting in the destruction of the building and the creation of a nuisance. The court, however, specifically reserved the question of whether other parties could be liable for abatement costs. The court's decision was affirmed by this Court in *City of Mason v Buchman*, 49 Mich App 98; 211 NW2d 552 (1973). No appeal was taken to the Michigan Supreme Court.

Thereafter, appellees moved for summary judgment as a matter of law in their cross-claims against the city in the action instituted by the Buchmans (#13037-C). Appellees argued that since the city's wrongdoing had been established by a prior adjudication, the city should indemnify them from having to pay damages occurring after the acts of the Chief of Police.

The trial court, in June of 1974, ordered that all of the pleadings in file No. 13037-C be transferred

and incorporated into file No. 8936-C and that the former file be dismissed. Further, he ordered that file No. 12074-C be consolidated with file No. 8936-C. Finally, the trial court granted summary judgment on behalf of Farm Bureau, Barton, Mahaney and Richardson and against the City of Mason for any sums the former may be held liable to pay to the Buchmans "for any damage caused from and after the initial acts of the agents of the City of Mason took place". From this latter order, the City of Mason appeals.

The only issue before this Court is whether the trial court was correct in utilizing the doctrine of collateral estoppel to conclude that the City of Mason was solely liable for the damage occurring after the acts of the city's Chief of Police. The city argues that the use of collateral estoppel was misplaced since there was no mutuality of estoppel under *Howell v Vito's Trucking & Excavating Co,* 386 Mich 37; 191 NW2d 313 (1971), and since the trial court in the original nuisance action did not make factual findings which would mandate summary judgment. The appellees counter that mutuality is not a bar since this is a case of "defensive" collateral estoppel and since the "sufficiently a party" doctrine of *Jones v Slaughter,* 54 Mich App 120; 220 NW2d 63 (1974), applies.

The difference between res judicata and collateral estoppel is briefly explained in *Partmar Corp v Paramount Pictures Theatres Corp,* 347 US 89, 90–91; 74 S Ct 414; 98 L Ed 532 (1954), as quoted in *Jones v Chambers,* 353 Mich 674, 680–681; 91 NW2d 889 (1958):

" 'We have often held that under the doctrine of *res judicata* a judgment entered in an action conclusively settles that action as to all matters that were or might have been litigated or adjudged therein. But a prior

judgment between the parties has been held to operate as an estoppel in a suit on a cause of action different from that forming the basis for the original suit "only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." This latter aspect of *res judicata* is the doctrine of collateral estoppel by judgment, established as a procedure for carrying out the public policy of avoiding repetitious litigation.'"

See also *Hlady v Wolverine Bolt Co,* 393 Mich 368; 224 NW2d 856 (1975).

Res judicata is not applicable to the present case since different causes of action were involved in the two suits. However, collateral estoppel will bar the relitigation of issues actually litigated and determined in the first suit where there is "substantial identity" of parties. *Braxton v Litchalk,* 55 Mich App 708, 717–720; 223 NW2d 316 (1974). In addition, it is a prerequisite in this jurisdiction that there be mutuality of estoppel, i.e. that the party taking advantage of the earlier adjudication would have been bound by it, had the ruling been adverse to him. *Howell v Vito's Trucking & Excavating Co, supra,* p 43.

Thus, in order for the summary judgment to have been properly ordered, it must appear that the issue of appellant's negligence was actually litigated and determined and there must have been mutuality of estoppel. We conclude that neither was properly established in this case.

The City of Mason would be solely liable for the damage done after its agent had intervened only if that act constituted a superseding cause of the harm:

"The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another

which the actor's negligent conduct is a substantial factor in bringing about, if

"(a) the actor at the time of his negligent conduct should have realized that a third person might so act, or

"(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted." 2 Restatement, Torts, § 447, p 1196, quoted with approval by *Comstock v General Motors Corp,* 358 Mich 163, 179; 99 NW2d 627 (1959). See also *Davis v Thornton,* 384 Mich 138, 149; 180 NW2d 11 (1970).

In the present case, several parties had a role in the events which resulted in the cracks and partial collapse of the building wall. Assuming that the police chief's intervening act was negligent, it is nevertheless not necessarily a superseding cause since reasonable persons may not regard his conduct as "highly extraordinary" in the circumstances. Appellees would not be entitled to indemnification from the city if a trier of fact determined that both were concurrent tortfeasors. *Husted v Consumers Power Co,* 376 Mich 41, 51; 135 NW2d 370 (1965). The relative rights and liabilities of codefendants *inter sese* cannot be utilized under res judicata unless those conflicting claims are actually brought in issue and litigated in the prior judgment. *Gomber v Dutch Maid Dairy Farms, Inc,* 42 Mich App 505, 511; 202 NW2d 566 (1972), *lv den* 389 Mich 752 (1972). See also *Cook v Kendrick,* 16 Mich App 48, 52; 167 NW2d 483 (1969).

The present case simply does not satisfy these requirements. No determination was made that the action of the city was a superseding cause. In fact, the court expressly stated that it did not reach the issue of whether other parties would be

liable for the costs of abatement. No determination of the respective liabilities of the various parties *inter sese* was made. Indeed, this would have been impossible since the other third-party defendants did not participate in the first proceeding.

Even if the first judgment had determined that the city was solely responsible for the damage, the appellees could not have asserted this fact because mutuality of estoppel was not established. Appellees attempt to distinguish *Howell v Vito's Trucking & Excavating Co, supra,* by classifying the present assertion of collateral estoppel as "defensive" whereas *Howell* was "offensive". This distinction has no basis since *Howell* repeatedly reaffirmed *Clark v Naufel,* 328 Mich 249; 43 NW2d 839 (1950), which involved an attempted use of estoppel by judgment by a defendant in a negligence action. Moreover, the attempted use of collateral estoppel in the present case might well be classified as offensive since it would apply to indemnify another party from liability.

The appellees did not participate as either parties or privies in the former litigation. They acquired no interest in the subject matter affected by the judgment. Had the city won its nuisance action against the Buchmans, would the appellees have been bound by that judgment so as to bar them from seeking indemnification or contribution from the city in the subsequent suit? We think not. Thus, mutuality of estoppel is not present.

Appellees argue that they are "sufficiently a party" to the first suit under *Jones v Slaughter, supra. Jones* involved the assertion of collateral estoppel by an automobile owner who had been a plaintiff in a previous action but who had made a final settlement prior to trial. The Court held that but for the settlement, which is encouraged by the

courts, the automobile owner would have remained a party to the prior suit, and the jury's verdict would have required the same result that the settlement imposed. The owner was, thus, sufficiently a party to claim defensive effect of the former defendant's negligence. *Jones* involved a special set of circumstances which is totally unlike those of the present case. Consequently, it does not alter the effect of our previous analysis.

The trial court's grant of summary judgment is reversed, and the case is remanded for further proceedings consistent with this opinion. Costs to plaintiff.