ROOM AND BOARD HOMES AND FAMILY CARE HOMES,
OPERATORS AND OWNERS v MAYOR OF CITY OF DETROIT

1. ZONING—BOARD OF APPEALS—UNRELATED CONDITIONS.

A board of zoning appeals may not impose conditions unrelated to the use of the land.

2. ZONING—BOARD OF APPEALS—SPECIAL EXCEPTION—ORDINANCES— TIME LIMITATIONS.

A special exception does not vary a zoning ordinance but permits certain uses authorized under stated conditions in the ordinance; therefore, where a board of zoning appeals has determined that a use qualified under the ordinance as a special exception and conditions related to the use of the land are imposed, that use cannot be subject to a time limitation.

Appeal from Wayne, Horace W. Gilmore, J. Submitted December 9, 1975, at Detroit. (Docket No. 22320.) Decided February 11, 1976.

Complaint by Room and Board Homes and Family Care Homes, operators and owners; Major Foster, Ophelia Simmons, and others against Roman S. Gribbs, Mayor of the City of Detroit, the Board of Zoning Appeals, and others, challenging the constitutionality of certain amendments to the Detroit Zoning Ordinance. Judgment for defendants. From an order denying the Board of Zoning Appeals the authority to impose a time limitation upon the granting of an exception or variance, defendants appeal. Affirmed.

*Elliard, Crenshaw & Strong, P. C.,* for plaintiffs on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Zoning §§ 21, 22.

*Kermit G. Bailer,* Corporation Counsel, and *John F. Hathaway,* Assistant Corporation Counsel, for defendants.

Before: V. J. Brennan, P. J., and R. M. Maher and Britten,* JJ.

Per Curiam. Plaintiffs brought a class action, challenging the constitutionality of certain amendments to the Detroit Zoning Ordinance. The trial court entered a judgment upholding ordinance 390-G, as amended by ordinance 528-G and 858-G. It was further ordered that "the Board of Zoning Appeals shall not attach any conditions to its orders or decisions that would limit the time that an adult foster care facility may be operated. All decisions or orders made by the Board of Zoning Appeals involving adult foster care facilities shall be permanent." It is that portion of the judgment forbidding the zoning appeal board from imposing time limitations that is before us on appeal.

Plaintiffs are owners and operators of adult foster care facilities in the City of Detroit. Section 32.0007 of the city zoning ordinance defines such facilities as follows:

"An Adult Foster Care Facility is any establishment which provides supervision, assistance, protection or personal care, in addition to room and board, to Adults. An Adult Foster Care Facility is other than a home for the aged or a nursing home or a mental hospital for mental patients."

Section 62.0402 provides for "special exceptions":

"The Board shall hear and decide only such special

* Circuit judge, sitting on the Court of Appeals by assignment.

exceptions and modifications as they are specifically authorized to pass on under the terms of this Ordinance. They shall decide such questions as are involved in determining whether special exceptions or modifications should be granted and shall impose such condition and safeguards as it deems necessary to carry out the intent, spirit and purpose of this Ordinance. They shall deny those requests which are not in harmony with the intent and purpose of this Ordinance.

"j) The Board may permit, after public hearing, the establishment of, or conversion of existing buildings to Adult Foster Care Facilities in the R3, R4, R5, R6, B1, B2, B4, SD1, and SD2 Districts provided:

"(1) That such Adult Foster Care Facility shall be at least 1,000 feet away from any existing or approved Adult Foster Care Facility unless such distance requirement is waived or modified after finding that such waiver or modification will not be injurious to the contiguous property and will not have a detrimental effect on the surrounding neighborhood.

"(2) That the proposed Adult Foster Care Facility complies with all appropriate codes and ordinances of the Department of Health and the Department of Buildings and Safety Engineering.

"(3) That the proposed Adult Foster Care Facility complies with all specification requirements for rooming houses in the district proposed, as indicated in the Zoning Ordinance, unless specifically modified by the Board.

"(4) That a finding is made that the use will not be injurious to the adjacent surrounding development or area nor contrary to the intent of the provisions of this Ordinance."

Defendants contend that it is the duty and responsibility of the Board of Zoning Appeals to determine whether the use of property will be injurious to a neighborhood. Since it is difficult to determine whether converting property to an adult foster care facility will have an injurious effect, such uses should only be allowed for a

period of time to see the actual effect on the neighborhood.

Plaintiffs, on the other hand, maintain that there is nothing in the ordinance which gives the Board of Zoning Appeals the authority to impose a time limitation on its decision. Once the conditions set forth in the ordinance have been met, the board, merely an administrative body, is compelled to give its unconditional approval.

The ordinance, in the instant case, allows for "special exceptions". A "special exception" is explained, as follows, in 2 Rathkopf, The Law of Zoning and Planning, § 54-6, quoting Justice Hogan in *Syosset Holding Corp v Schlimm,* 159 NYS2d 88 (1956), modified on other grounds, 4 AD2d 766; 164 NYS2d 890 (1957):

" 'The granting of a *special exception* is apparently not too generally understood. It does not entail making an exception to the ordinance but rather permitting certain uses which the ordinance authorizes under stated conditions. In short, a special exception *is one allowable when the facts and conditions specified in the ordinance as those upon which the exception is permitted are found to exist.*

" 'A special exception, unlike a variance, does not involve the varying of the ordinance, but rather compliance with it. * * * The issuance of a special exception permit, on the other hand, is a duty imposed upon the Board of Appeals by the terms of the Zoning Ordinance, which duty is to be performed in the manner therein provided.' "

The question to be answered in the present case is whether the Board of Zoning Appeals can place a time limitation on a "special exception" under its authorized power to "impose such condition and safeguards as it deems necessary to carry out

the intent, spirit and purpose of this Ordinance".
The board may not impose conditions unrelated to
the use of the land. 3 Anderson, American Law of
Zoning, § 15.31, p 161. Moreover, it must be kept
in mind that a "special exception" does not vary
the ordinance but permits certain uses authorized
under stated conditions in the ordinance. We are
not talking, therefore, about a use otherwise pro-
scribed by the ordinance. Thus, once the board has
determined that a use qualifies under the ordi-
nance as a "special exception" and conditions
related to the use of the land are imposed, that
use cannot be subject to a time limitation.

Affirmed. Costs to plaintiff.