GOLDMAN v WEXLER

Docket No. 56621. Submitted May 19, 1982, at Detroit.—Decided February 8, 1983. Leave to appeal applied for.

Margaret Goldman was involved in an automobile accident in 1977 in which the vehicle she was driving was struck in the rear by a vehicle driven by Lanee Wexler. At the time of the accident, Margaret was married to Jerome M. Goldman. The Goldmans were divorced in 1978, with Margaret Goldman receiving a large proportion of the marital assets, several unexplained cash awards, and $1,000 for medical expenses incurred during the marriage. Margaret Goldman thereafter filed suit against Wexler and Jerome Goldman in Oakland Circuit Court seeking damages for injuries she suffered in the automobile accident and alleging that Jerome Goldman committed a battery against her after the accident and that, as a result thereof, the injuries she suffered in the accident were aggravated. Defendant Goldman moved for accelerated judgment, contending that plaintiff's action against him was barred by the prior divorce judgment. The court, James S. Thorburn, J., granted defendant Goldman's motion and dismissed plaintiff's complaint as to him. Plaintiff appeals. *Held:*

1. Plaintiff's tort action against defendant Goldman is neither barred by nor merged into the divorce judgment.

2. If the issue of whether defendant Goldman battered plaintiff was in fact decided in the prior divorce proceeding, it was resolved that a battery did occur. If that is the case, defendant is bound by that determination and his claim that plaintiff's action is collaterally estopped by the divorce judgment fails. Furthermore, the property division incorporated into the di-

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments § 385.
[2] 46 Am Jur 2d, Judgments § 457.
[3] 47 Am Jur 2d, Judgments § 1088 *et seq.*
Modern views of state courts as to whether consent judgment is entitled to res judicata or collateral estoppel effect. 91 ALR3d 1170.

vorce judgment resulted from a negotiated settlement agreed upon by the parties. Consent judgments are not given collateral estoppel effect in Michigan.

3. Although plaintiff's claim is not precluded by the divorce judgment, if the consideration which was given plaintiff as part of the property settlement constituted payment, at least in part, for the injuries plaintiff suffered as a result of the alleged battery, defendant Goldman may raise that issue by way of affirmative defense and attempt to obtain a setoff against any judgment plaintiff obtains.

4. The remaining issue raised by plaintiff need not be addressed.

Reversed and remanded.

1. ACTIONS — DEFENSES — BAR — MERGER.

A judgment in favor of the plaintiff merges the cause of action in the judgment and the plaintiff cannot thereafter maintain an action on the original cause of action; if a judgment is in favor of the defendant on the merits, the original cause of action is barred by the judgment; and in either case the original cause of action is extinguished by the judgment no matter what issues were raised and litigated in the action, or even if no issues were raised or litigated and judgment was by default.

2. ACTIONS — COLLATERAL ESTOPPEL.

Under the doctrine of collateral estoppel a judgment is conclusive between the parties to a subsequent action based upon a different cause of action from that upon which the prior action was based as to questions actually litigated and determined by the judgment, but the judgment is not conclusive as to questions which might have been but were not litigated in the original action.

3. ACTIONS — COLLATERAL ESTOPPEL — CONSENT JUDGMENTS.

Consent judgments are not given collateral estoppel effect in Michigan.

*Salisbury & Ciampa* (by *Daryle Salisbury),* for plaintiff.

*Moore, Sills, Poling, Wooster & Sinn, P.C.* (by *John D. Sills),* for defendant.

.

Before: M. F. CAVANAGH, P.J., and N. J. KAUF-
MAN and R. A. BENSON,* JJ.

R. A. BENSON, J. Plaintiff appeals as of right
from an order of the trial court granting acceler-
ated judgment pursuant to GCR 1963, 116.1(5) in
favor of Jerome Goldman and dismissing plaintiff's
complaint as to him.

Plaintiff's complaint alleges that she was in-
volved in an automobile accident in 1977 in which
the vehicle she was driving was struck in the rear
by a vehicle driven by defendant Lanee Wexler.
She alleged that Goldman (defendant) thereafter
committed a battery against her and that, as a
result thereof, the injuries she sustained in the
automobile accident were aggravated. At the time
the alleged battery occurred, plaintiff and defen-
dant were married. The marriage was terminated
by a judgment of divorce which was entered in
October, 1978.

In granting defendant's motion for accelerated
judgment, the trial court relied on the fact that
the divorce judgment provided that plaintiff was to
receive a large proportion of the marital assets,
several unexplained cash awards were made to
her, and she was awarded $1,000 for medical
expenses incurred during the marriage. Therefore,
the court ruled that plaintiff's claim in this action
was barred by the prior divorce judgment. We
disagree.

It is clear that plaintiff was entitled to maintain
an action against defendant for torts committed
during their marriage. *Hosko v Hosko,* 385 Mich
39; 187 NW2d 236 (1971). Defendant contends that,
because the property settlement which was incor-
porated into the divorce judgment took into ac-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

count the fault of the parties and because plaintiff received at least partial compensation for the injuries she suffered as a result of the alleged battery, res judicata precludes this action.

In *Howell v Vito's Trucking & Excavating Co,* 386 Mich 37, 41-42; 191 NW2d 313 (1971), the Supreme Court clarified the doctrine of res judicata as it relates to the separate principles of bar-merger and collateral estoppel. In so doing, the Court quoted from Restatement Judgments, § 68, pp 293-294:

" 'It is important to distinguish the effect of a judgment as a merger of the original cause of action in the judgment or as a bar to a subsequent action upon the original cause of action from its effect by way of collateral estoppel in a subsequent action between the parties based upon a different cause of action. If a judgment is rendered in favor of the plaintiff, the cause of action upon which the judgment is based is merged in the judgment, and the plaintiff cannot thereafter maintain an action on the original cause of action (see § 47). If the judgment is rendered in favor of the defendant on the merits, the original cause of action is barred by the judgment (see § 48). In either case the original cause of action is extinguished by the judgment no matter what issues were raised and litigated in the action, or even if no issues were raised or litigated and judgment was rendered by default.

" 'On the other hand, where the subsequent action is based upon a different cause of action from that upon which the prior action was based, the effect of the judgment is more limited. The judgment is conclusive between the parties in such a case as to questions actually litigated and determined by the judgment. It is not conclusive as to questions which might have been but were not litigated in the original action. This is the doctrine of collateral estoppel.' "

The prior action between these parties was one

for divorce based on the Michigan no-fault divorce statute. MCL 552.1 *et seq.;* MSA 25.81 *et seq.* The present action is for a battery which is alleged to have occurred during the course of the marriage. Although we agree that fault continues to be a consideration in property division disputes in a divorce action, *Davey v Davey,* 106 Mich App 579, 581; 308 NW2d 468 (1981), we cannot agree, nor does defendant seriously contend, that both claims constituted but a single cause of action. Consequently, this claim is neither barred by nor merged into the divorce judgment. *Howell v Vito's Trucking Co, supra; Curry v Detroit,* 394 Mich 327, 331; 231 NW2d 57 (1975).

Defendant's reliance on collateral estoppel is also misplaced. From the record before us, it appears that, if the issue of whether defendant battered plaintiff was in fact decided in the prior proceeding, it was resolved that a battery did occur. If that is the case, defendant is now bound by that determination. *Howell v Vito's Trucking Co, supra,* p 43; *City of Mason v Mason State Bank,* 63 Mich App 288; 234 NW2d 489 (1975). Therefore, defendant's claim must fail.

There exists another reason why collateral estoppel cannot foreclose plaintiff's action. The property division which was incorporated into the divorce judgment resulted from a negotiated settlement agreed upon by the parties. It is well established in this jurisdiction that consent judgments are not to be given collateral estoppel effect. *American Mutual Liability Ins Co v Michigan Mutual Liability Co,* 64 Mich App 315, 326-327; 235 NW2d 769 (1975); *Berar Enterprises, Inc v Harmon,* 101 Mich App 216; 300 NW2d 519 (1980); *Peterson v Lapeer,* 106 Mich App 148, 155-156; 307 NW2d 744 (1981). See also Anno: *Modern Views of State*

*Courts as to Whether Consent Judgment is Entitled to Res Judicata or Collateral Estoppel Effect,* 91 ALR3d 1170, 1183.

For the foregoing reasons, we find that plaintiff's claim is not precluded by the prior judgment. If defendant intended that all claims which grew out of the marriage be thereafter foreclosed by the divorce judgment, a release providing for the same should have been incorporated into that judgment.

The above is not meant to suggest that plaintiff is entitled to double recovery. If the consideration which was given plaintiff as part of the property settlement constituted payment, at least in part, for the injuries she suffered as a result of the alleged battery, defendant may raise that issue by way of affirmative defense and attempt to obtain a setoff against any judgment plaintiff obtains in this action.

Our disposition of the issue discussed above renders it unnecessary for us to address the remaining issue raised by plaintiff.

Reversed and remanded. Costs to plaintiff.