Joseph S. MARINO and Sally Marino, and Marino Sports Center, Inc., a Michigan corporation, Plaintiffs,

v.

Candice McDONALD, Doris M. Lyon, Cy C. Zytowski, Edward J. Kelly, Antoine G. Khouri, Robert G. Lyons, Richard M. Sheehy, individually and acting as the Harrison Township Board, and Candice McDonald, individually and acting as the Harrison Township Supervisor; and Herbert Glascow, individually and acting as the Harrison Township Building Inspector, and Laura Paletta, individually, and Harrison Township, a Charter Township, Defendants.

Civ. A. No. 83–CV–9045 PH.

United States District Court, E.D. Michigan, S.D.

June 20, 1985.

Costanzo Z. Lijoi, Bellanca, Beattie, De-Lisle Suchy & Matish, Harper Woods, Mich., for plaintiffs.

Timothy Sinclair, Mt. Clemens, Mich., Patrick M. Barrett, Detroit, Mich., for defendants D. Lyon, C. Zytowski, E. Kelly, A. Khouri, R. Sheehy, H. Glascow, L. Paletta and Harrison Tp.

Steven Donavan, Wenger & Donavan, Harper Woods, Mich., for Robert G. Lyons.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

In the case at bar, the plaintiffs' have brought suit pursuant to 42 U.S.C. § 1983 alleging that the defendants violated their federal constitutional rights to Due Process and Equal Protection in connection with the revocation of a special land use variance. Plaintiffs have also set forth a pendant state claim. The Court now has before it defendants' motion for summary judgment.

Summary judgment is appropriate only where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Willetts v. Ford Motor Co.*, 583 F.2d 852, 855 (6th Cir.1978); F.R.Civ.P. 56(c). In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as, all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion. *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *United States v. Diebold,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Smith v. Hudson,* 600 F.2d 60 (6th Cir. 1979).

Accepting the facts to be as alleged in plaintiffs' complaint, they are as follows: The individual plaintiffs are the owners of a parcel of land in Harrison Township, Michigan, which is zoned for general business use. Plaintiff Marino Sports Center, Inc. leases this property. On or before May 12, 1982, the plaintiffs filed a request with the Harrison Township Planning Commission for a site plan approval in order to make certain improvements to the land. The plaintiffs also applied to the Planning Commission for a special land use permit to allow the construction and operation of a go-cart track.

On June 24, 1982, after proper notice, the Township Planning Commission conducted a public hearing in order to review plaintiffs' site plan and special use permit requests. Following that hearing, the Planning Commission approved plaintiffs' proposed site plan and also voted to approve plaintiffs' special land use permit for a period of one year.

On June 25, 1982, the plaintiffs asked defendant Harrison Township Building Inspector Herbert Glasgow to issue them a building permit for the construction of the go-cart track. Mr. Glasgow informed the plaintiffs that no building permit was required and that they could proceed with construction. Plaintiffs entered into a construction contract and began bulldozing work that day.

On June 29, 1982, the plaintiffs were informed by defendant Township Supervisor Candice McDonald that the Harrison Township Board of Trustees had met the previous evening and passed a resolution purporting to prevent further construction by the plaintiffs until the next board meeting in two weeks. In the interim, the defendant Board of Trustees had requested the township attorney to determine whether the action of the Township Planning Commission could be overruled by the Board of Trustees. The township attorney was to present his report to the Board of Trustees during the July 12, 1982 meeting.

Neither the plaintiffs nor the general public was given notice that the Board intended to debate this matter during its June 28th meeting. Also on June 29, defendant Glasgow issued a stop work order directing the plaintiffs to suspend all construction. The plaintiffs claim that neither defendant McDonald nor the Board of Trustees had authority to issue a stop work order.

At some time prior to the July 12 Board of Trustees meeting, the plaintiffs met with the township attorney and the township engineer. The township attorney informed the plaintiffs that the special land use approval granted by the Township Planning Commission was final and could not be overturned by the Board of Trustees. The plaintiffs were further advised that the only requirements which they needed to satisfy in order to resume construction were to obtain culvert and water permits from Macomb County. Finally, the township attorney urged the plaintiffs not to attend the July 12, 1982 Board of Trustees meeting. In the interim between their meeting with the township attorney and the July 12 Board of Trustees meeting, the plaintiffs spent in excess of $15,000.00 in further construction.

The Board of Trustees met, as scheduled, on July 12 and again discussed plaintiffs' special land use variance request. At that meeting, the township attorney advised the Board that it could not overrule the Planning Commission's approval of plaintiffs' special land use variance. He did inform the Board, however, that it could appeal the Township Planning Commission's decision to the Township Board of Zoning Appeals. Plaintiffs allege that defendants McDonald and Khouri "advised and encouraged" citizens in attendance to appeal.

On July 13, 1982, the Board of Trustees filed its appeal with the Board of Zoning Appeals. A separate appeal was also filed by the Pointe Rosa Homeowner's Association. Plaintiffs were served with a second stop work order based on Sections 2202 and 2203 of Article 20 of the Township Ordinances which permits stop work orders to be issued when a matter is appealed to the Board of Zoning Appeals.

On July 14, the plaintiffs filed an action in Michigan Circuit Court seeking an injunction preventing the Board of Trustees from appealing the Planning Commission's grant of the special land use variance to the Board of Zoning Appeals. The plaintiffs also sought an order of mandamus compelling the defendant Township to issue a building permit. On July 20, 1982, the Macomb County Circuit Court issued a decision denying plaintiffs' requests.

The Board of Zoning Appeals met twice to consider the Board of Trustee's appeal. Following public notice, "the Board of Zoning Appeals met on July 22, 1982, heard arguments, took testimony, and reviewed the record. Citizens were allowed to comment." *Joseph F. Marino, et al. v. Candice McDonald, et al.*, No. 69464, slip op. at 2 (Mich.Ct. of App.1984). "On July 28, 1982, the Board of Zoning Appeals again met. On motion of Member Lawrence J. Fischer, the Board voted to reverse the grant of a special land use permit on finding plaintiffs' request did not meet the requirements of Harrison Township Ordinance No. 1907." *Id.* Plaintiffs had notice of these hearings, attended the meetings and were represented by counsel.

Following the adverse decision of the Board of Zoning Appeals, the plaintiffs appealed to the Michigan Circuit Court in and for the County of Macomb. That Court affirmed the decision of the Board of Zoning Appeals on January 18, 1983. The plaintiffs then appealed to the Michigan Court of Appeals. On April 5, 1984, the Michigan Court of Appeals affirmed both the decision of the Circuit Court which refused to enjoin the appeal of the Board of Trustees to the Board of Zoning Appeals and the decision of the Circuit Court upholding the denial of the special land use variance.

Having failed to obtain the relief sought in Michigan state court, the plaintiffs filed suit in this Court alleging that the defendants violated their federal constitutional rights to Due Process and Equal Protec-

tion. The Court now has before it defendants' motion for summary judgment and award of costs and attorney fees. Succinctly, the defendants argue that the plaintiffs' federal constitutional claims are deficient for two reasons. The defendants argue that the plaintiffs were deprived of no cognizable liberty or property interest and, assuming *arguendo* that they were, that deprivation is not attributable to the defendants. Having considered defendants' arguments and plaintiffs' responses carefully, the Court is persuaded that defendants' motion for summary judgment should be granted.

▮ In order to have a cognizable Due Process or Equal Protection claim, the plaintiffs must be able to demonstrate both that they were deprived of a property interest and that that deprivation was occasioned by state action.

The dispositive issue presented by defendants' motion for summary judgment is whether the plaintiffs have alleged the existence of a property interest sufficient to sustain a Due Process claim and withstand a motion for summary judgment. The plaintiffs argue that the special land use variance granted them by the Harrison Township Planning Commission was "a right to use property" under Michigan law which could not be taken without Due Process. (Plaintiffs' answer to motion for summary judgment, p. 5). Having reviewed plaintiffs' arguments and the record in this matter, the Court has concluded that Michigan law afforded the plaintiffs no right to a special land use variance in this case. Moreover, the Court finds that the plaintiffs are precluded from raising this issue in this Court in light of the decision of the Macomb Circuit Court and the Michigan Court of Appeals.

▮ The United States Supreme Court has addressed generally the issue of what constitutes a property interest in the seminal cases of *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) and *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). The essence of the Supreme Court's decision in these two cases is that a plaintiff can demonstrate a constitutionally protectable property interest only if he can show that he was entitled to some specific benefit under state law.

To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims.

Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. The plaintiffs argue that they can demonstrate the requisite property interest inasmuch as they claim a right under Michigan law to the special land use permit. The plaintiffs further argue that the existence of this property interest is unaffected by the decisions of the Michigan Circuit Court and Court of Appeals. Because of their importance, the Court will now turn to an examination of those decisions.

As pointed out in the Court's recitation of the facts in this case, the plaintiffs pursued three separate actions in the Michigan courts following the decision of the Board of Trustees to appeal the grant of the special land use variance. The plaintiffs' first action was an attempt to obtain an order from the Macomb County Circuit Court enjoining the Board of Trustees from taking an appeal of the Planning Commission's action to the Board of Zoning Appeals. In that action, the plaintiffs argued

that the defendants should be enjoined from taking an appeal from the Planning Commission's decision for the reason that "the board of zoning appeals cannot hear an appeal filed by the township itself because the township board appoints the zoning board of appeals, creating a coercive conflict of interest as a matter of law." *Joseph F. Marino, et al. v. Candice McDonald, et al.,* No. 82–2497 AW, slip op. at 2 (Mich.Circuit Ct.1982). In an opinion dated July 21, 1982, Michigan Circuit Judge Kenneth Sanborn rejected that argument and refused to enjoin the Board of Trustee's appeal. That decision was ultimately affirmed by the Michigan Court of Appeals in its opinion of April 5, 1984.

Following the refusal of the Michigan Circuit Court to enjoin the appeal, the Board of Zoning Appeals reversed the decision of the Township Planning Commission which granted the plaintiffs the special land use variance. Unsatisfied with that action, the plaintiffs returned to Michigan Circuit Court to have the special land use permit reinstated.

Before the Circuit Court, the plaintiffs raised five arguments in support of their position that the decision of the Board of Zoning Appeals should be reversed. The plaintiffs first argued that the Board of Zoning Appeals should be estopped from denying the plaintiffs a permit because of the plaintiffs' reliance on the Planning Commission's action. The plaintiffs' second argument in support of reversal was that two members of the Board of Zoning Appeals should have disqualified themselves for actual bias. The plaintiffs next argued that the Board of Zoning Appeals improperly placed the burden of proof on them during the hearing instead of on the Township. Finally, the plaintiffs argued that the Board of Zoning Appeals failed to identify adequate facts to justify a reversal and that the decision was not supported by competent evidence. *Joseph F. Marino, et al. v. Candice McDonald, et al.,* No. 82–2497, slip op. (Mich.Cir.Ct.1983).

The Circuit Court considered each of the arguments raised by the plaintiffs and re-

jected them. The Court found that estoppel was inappropriate in this case, that no conflict of interest existed, that the burden of proof was properly applied and that the decision of the Board of Zoning Appeals was supported by sufficient evidence. *Id.* at pp. 3–5.

Following that adverse determination, the plaintiffs appealed to the Michigan Court of Appeals seeking to have the special use permit reinstated. Before the Court of Appeals, the plaintiffs challenged the decision of the Board of Zoning Appeals on substantially the same grounds as before the Circuit Court. The Court of Appeals, however, found that it was unnecessary to address plaintiffs' asserted challenges in that a separate grounds for affirmance existed. The Court of Appeals affirmed the revocation of the land use permit because it found that "the permit, as issued by the planning commission, subjected the use to a time limitation and, as such, was illegal under the rule stated in *Room & Board Homes v. Detroit,* 67 Mich. App. 381 [241 N.W.2d 216] (1976)."

As was noted earlier, the Harrison Township Planning Commission granted plaintiffs' request for a special land use variance on the condition that it was granted for a period of one year. After the expiration of that initial one-year period, the Planning Commission reserved the right to either extend or revoke the land use permit. In reviewing the validity of that action, the Michigan Court of Appeals ruled that:

> *Room & Board Homes v. Detroit, supra,* held that once the board has determined that a use qualifies under the ordinance as a special exception or special land use, that use cannot be subject to a time limitation. Because, in the instant case, the planning commission subjected the special land use to a time limitation, its action did not comply with the laws of this state, and therefore, the permit cannot be allowed to issue under these circumstances.
>
> *Joseph F. Marino, et al. v. Candice McDonald, et al.,* No. 69464, slip op. at 3 (Mich.Ct. of App.1984).

Defendants' motion for summary judgment raises the question of whether the holding of the Michigan Court of Appeals is dispositive of the issue of whether the plaintiffs were deprived of a property interest as defined by Michigan law. The plaintiffs claim that the decision of the Court of Appeals was not dispositive of this issue and that they were deprived of a cognizable property interest. The plaintiffs argue that because the decision of the Court of Appeals was based upon *Room and Board Homes v. Detroit*, 67 Mich.App. 381, 241 N.W.2d 216 (1976), "a review of the *Room and Board* decision is appropriate." (Plaintiffs Answer to Motion for Summary Judgment, pp. 5–6). Plaintiffs then urge this Court to review the impact of the *Room and Board* decision on this case and hold that "the clear legal result in this case, according to *Room and Board* was the granting of a special land use unlimited by time." *Id.* p. 6.

Nevertheless, any such holding by this Court would directly conflict with the Michigan Court of Appeals decision which upheld the denial of the special land use permit. The Michigan Court of Appeals did not, as plaintiffs urge this Court to find, hold that the effect of the *Room and Board* decision was to convert the special land use permit in question from a permit with a time limitation to an unlimited permit. Rather, the Court of Appeals held that the permit was illegal and that it "cannot be allowed to issue under these circumstances." *Joseph F. Marino, et al. v. Candice McDonald, et al.*, No. 69464, slip op. at 3 (Mich.Ct. of App.1984).

Having concluded that the Michigan Court of Appeals held that the plaintiffs are not entitled to a special land use permit under Michigan law, the Court must now turn to a discussion of the *res judicata* effect of that decision on this case and of the impact of that ruling on plaintiffs' Section 1983 claim.

■ The doctrine of *res judicata* embodies two types of preclusion: claim preclusion and issue preclusion or collateral estoppel.

Claim preclusion under which "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action," *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981), Restatement (Second) of Judgments § 24 (1982), and issue preclusion, under which a decision precludes relitigation of the same issue on a different cause of action between the same parties once a court decides an issue of fact or law necessary to its judgment.

*Duncan v. Peck*, 752 F.2d 1135, 1138 (6th Cir.1985); *See also, Migra v. Warren City Dist. Bd. of Ed.*, [465] U.S. [75], 104 S.Ct. 892, 79 L.Ed.2d [56] 59 n. 1 (1982).

In *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) and *Migra v. Warren City School Dist. Bd. of Ed.*, *supra;* the Supreme Court held that the Full Faith and Credit Clause of the Federal Constitution, as implemented by 28 U.S.C. § 1738, requires federal courts to give state court judgments the same preclusive effect in a later Section 1983 action as it would be given under the law of the state in which the judgment was rendered. 465 U.S. at ——, 104 S.Ct. at 895, 79 L.Ed.2d at 61. *See also, Duncan v. Peck*, 752 F.2d at 1139. Accordingly, the Court must review the Michigan law of *res judicata* to determine what preclusive effect it would give the holding of the Michigan Court of Appeals.

■ After having reviewed Michigan law, the Court believes that it is clear that the plaintiffs are not precluded from raising their Section 1983 claim in this Court. Succinctly, the Michigan law of *res judicata* would not hold that the preclusive effect of the Michigan Court of Appeals decision is such that the plaintiffs are altogether barred from raising their Section 1983 claim. *See, Mason v. Mason State Bank*, 63 Mich.App. 288, 234 N.W.2d 489 (1975) and *Grocery Co. v. Purchasing Co.*, 289 Mich. 225, 286 N.W. 221 (1939).

The Court does believe, however, that the Michigan law of collateral estoppel would give the decision of the Michigan Court of Appeals such preclusive effect so as to foreclose the plaintiffs from raising any argument in this Court that they had a vested interest in or entitlement to a special land use variance. Under Michigan law, "collateral estoppel will bar the relitigation of issues actually litigated and determined in the first suit where there is a 'substantial identity' of parties." *Mason v. Mason State Bank,* 63 Mich.App. 288, 295, 234 N.W.2d 489 (1975), *quoting Braxton v. Litchalk,* 55 Mich.App. 708, 717–20, 223 N.W.2d 316 (1974). When, in an earlier proceeding, a material issue directly involved in the proceeding has been resolved against a party, Michigan law prevents the losing party from relitigating that issue in a subsequent action. *See, Gose v. Monroe Auto Equip.,* 409 Mich. 147, 161, 294 N.W.2d 165 (1980); *Clements v. Constantine,* 344 Mich. 446, 73 N.W.2d 889 (1956); *City v. Storm Sewer Drain Dist.,* 309 Mich. 646, 16 N.W.2d 106, 109 (1944); and *Stolaruk v. Dept. of Transportation,* 114 Mich.App. 357, 319 N.W.2d 581 (1982).

Applying the applicable law to the case at bar, the Court finds that the Michigan doctrine of collateral estoppel precludes the plaintiffs from raising any argument before this Court that they were entitled either to a special land use permit in this case or to not have the issued permit revoked.

Although the Court has held that the applicable form of *res judicata* is issue preclusion and not claim preclusion and that the plaintiffs are entitled to raise their Section 1983 claims, the Court finds that the resolution of the issue preclusion issue is dispositive of this case. In resolving against the plaintiffs, the question of whether they were entitled to any benefit under state law, the Court has removed a necessary element of the Section 1983 claims in this case. For the plaintiffs will necessarily be unable to establish a Due Process or Equal Protection claim if they are unable to show that they were deprived of a cognizible liberty or property interest.

*See, Board of Regents v. Roth* and *Perry v. Sindermann, supra.*

Accordingly, plaintiffs' federal constitutional claims as contained in Counts I, II, III and IV of the complaint are DISMISSED WITH PREJUDICE.

 Plaintiffs' pendant state law claims are hereby DISMISSED WITHOUT PREJUDICE. *See, United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) and *Hagans v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

Finally, the Court has before it defendants' request for attorney fees. Having carefully reviewed this matter, the Court has determined that it cannot conclude that plaintiffs' action was frivolous. *Smith v. Smythe-Cramer Co.,* 754 F.2d 180 (6th Cir.1985). Accordingly, defendants' request for costs and attorney fees are DENIED.

IT IS SO ORDERED.