McCOY v COOKE

Docket No. 93276. Submitted July 23, 1987, at Lansing. Decided
    January 19, 1988. Leave to appeal applied for.

Sheila K. McCoy filed a complaint against Christopher K. Cooke,
    her ex-husband, in Ingham Circuit Court alleging that Cooke
    beat her during their marriage and intentionally inflicted
    emotional distress upon her and seeking damages therefor. The
    court, Robert Holmes Bell, J., granted defendant's motion for
    summary disposition, finding that the issue of defendant's
    physical and mental abuse had been fully litigated during the
    divorce proceedings in the context of fault and that plaintiff
    therefore was collaterally estopped from again raising the
    issue. Plaintiff appealed.

The Court of Appeals *held:*

The trial court erred in its application of collateral estoppel
    to this case. Collateral estoppel precludes relitigation by the
    parties of an issue actually litigated and determined by a
    judgment in an earlier action. The trial court determined in
    the divorce action that defendant repeatedly battered plaintiff,
    therefore relitigation of that issue is precluded. Because defen-
    dant is estopped from denying that the batteries occurred, the
    issue of damages should be reached. On remand, defendant
    may raise as an affirmative defense the issue whether and to
    what extent the divorce judgment compensated plaintiff for any
    injuries she suffered as a result of the batteries.

Reversed and remanded.

G. R. McDONALD, J., dissented from the majority's holding
    that offensive use of collateral estoppel precludes defendant
    from litigating the issue of battery. He bases his dissent on his

REFERENCES

Am Jur 2d, Divorce and Separation §§ 442-459.

Am Jur 2d, Judgments §§ 394, 426.

Divorce or separation decree as res judicata or estoppel, or as
    evidence, in alienation of affections or criminal conversation
    action. 96 ALR2d 903

Divorce decree as res judicata in independent action involving
    property settlement agreement. 32 ALR2d 1145.

See also the annotations in the Index to Annotations under Collat-
    eral Estoppel and Divorce and Separation.

finding that the pleadings in the divorce action failed to raise the issues of battery or intentional infliction of emotional distress and that those issues therefore were not actually litigated in the earlier action. Judge McDonald also states that, by allowing the use of collateral estoppel offensively, the majority deprived defendant of his right to raise defenses based upon the pleadings, as permitted by MCR 2.116(C). He would reverse and allow the action to proceed on its merits.

1. Actions — Collateral Estoppel.

   Under the doctrine of collateral estoppel a judgment is conclusive between the parties to a subsequent action based upon a different cause of action from that upon which the prior action was based as to questions actually litigated and determined by the judgment, but the judgment is not conclusive as to questions which might have been but were not litigated in the original action.

2. Actions — Divorce — Physical Abuse — Findings of Fact — Collateral Estoppel.

   A court's finding in a divorce action that the husband physically abused his wife during the marriage and reliance upon that finding in determining fault and arriving at the division of marital property cannot be used to collaterally estop the wife from bringing a subsequent tort action against her former husband for damages for injuries suffered as a result of the physical abuse and resultant emotional distress; rather, the doctrine of collateral estoppel would preclude the former husband in such subsequent action from denying the fact that the physical abuse occurred.

*Abood, Abood & Rheaume, P.C.* (by *William E. Rheaume*), for plaintiff.

*Willingham, Coté, Hanslovsky, Griffith & Foresman, P.C.* (by *Curtis R. Hadley*), for defendant.

Before: DANHOF, C.J., and G. R. McDONALD and E. M. THOMAS,* JJ.

DANHOF, C.J. Plaintiff appeals as of right from an order of summary disposition dismissing her

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

complaint. Plaintiff alleges in her complaint that her former husband beat her during their marriage and intentionally inflicted emotional distress upon her. The trial court found that the issue of defendant's physical and mental abuse had been fully litigated during the divorce proceedings in the context of fault. Therefore, plaintiff was collaterally estopped from again raising the issue. We reverse and remand.

Much of the trial testimony in the parties' divorce proceeding centered around defendant's physical abuse of plaintiff.[1] The trial court found that defendant's physical abuse of plaintiff was repetitive and without excuse. Plaintiff was determined to be thirty percent at fault for the breakdown of the marriage, while defendant was seventy percent at fault. The marital property was divided according to the assessment of fault. The trial court also found that plaintiff's emotional state, her needs and her ability to work required an award of transitional alimony in the amount of $100 per month. The court found that defendant's assaultive conduct toward plaintiff was a partial cause for plaintiff's emotional state. In addition to alimony, defendant was ordered to pay plaintiff $2,000 to reimburse her for mental health costs she had incurred.

Shortly after the trial court issued its opinion in the divorce action, plaintiff filed the instant suit seeking damages for assaults that occurred during the marriage and for intentional infliction of emotional distress. Defendant moved for summary disposition, alleging that plaintiff's claims were collaterally estopped because they had already

[1] In the divorce action, the husband was the plaintiff and the wife was the defendant. In the present action, their roles are reversed. For ease of reference, the wife will be referred to as plaintiff and the husband as defendant throughout this opinion.

been decided in the previous divorce action. The trial court agreed and dismissed plaintiff's complaint.

The trial court erred in its application of collateral estoppel to this case. The present case is very similar to *Goldman v Wexler,* 122 Mich App 744; 333 NW2d 121 (1983), lv den 417 Mich 1100.14 (1983). The parties in *Goldman* were divorced by a consent judgment that awarded the plaintiff-wife a large portion of the marital assets, some unexplained cash and $1,000 for medical expenses incurred during the marriage. After the judgment was entered, the plaintiff brought an action against her ex-husband to recover for a battery allegedly committed during the marriage. The trial court dismissed the complaint on the basis that the plaintiff's claim was barred by the prior divorce judgment. Another panel of this Court reversed and remanded for trial.

The defendant in *Goldman* relied on both res judicata and collateral estoppel. Res judicata includes the doctrine of merger and bar. *Rogers v Colonial Federal Savings & Loan Ass'n of Grosse Pointe Woods,* 405 Mich 607; 275 NW2d 499 (1979). Merger and bar was contrasted with collateral estoppel in *Goldman* as follows:

"It is important to distinguish the effect of a judgment as a merger of the original cause of action in the judgment or as a bar to a subsequent action upon the original cause of action from its effect by way of collateral estoppel in a subsequent action between the parties based upon a different cause of action. If a judgment is rendered in favor of the plaintiff, the cause of action upon which the judgment is based is merged in the judgment, and the plaintiff cannot thereafter maintain an action on the original cause of action (see § 47). If the judgment is rendered in favor of the defendant on

the merits, the original cause of action is barred by the judgment (see § 48). In either case the original cause of action is extinguished by the judgment no matter what issues were raised and litigated in the action, or even if no issues were raised or litigated and judgment was rendered by default.

"On the other hand, where the subsequent action is based upon a different cause of action from that upon which the prior action was based, the effect of the judgment is more limited. The judgment is conclusive between the parties in such a case as to questions actually litigated and determined by the judgment. It is not conclusive as to questions which might have been but were not litigated in the original action. This is the doctrine of collateral estoppel." [*Goldman, supra,* p 747, quoting Restatement Judgments, § 68, pp 293-294.]

In other words, res judicata, or merger and bar, precludes relitigation of the same claim while collateral estoppel precludes relitigation of the same issue. 1 Restatement Judgments, 2d, §§ 24, 27, pp 196, 250. *Marino v McDonald,* 611 F Supp 848 (ED Mich, 1985).

Res judicata did not apply in *Goldman* because this Court said "[w]e cannot agree, nor does defendant seriously contend, that both claims constituted but a single cause of action." *Goldman, supra,* p 748. With regard to collateral estoppel, this Court noted that apparently it was resolved in the divorce proceeding that the defendant had battered the plaintiff. Therefore, the defendant was bound by that determination and the plaintiff should be allowed to proceed to trial on the issue of damages. This Court noted that the defendant could raise as an affirmative defense the issue whether the prior property settlement constituted payment or at least partial payment for the plaintiff's injuries from the alleged battery.

In the present case, defendant concedes that res judicata does not apply, as the divorce and tort actions are separate causes of action. However, as in *Goldman,* defendant in the present case erroneously relies on collateral estoppel. Rather than precluding plaintiff's tort claim, collateral estoppel prevents relitigation of the issue whether a battery occurred. Since the trial judge in the divorce proceeding expressly resolved this issue by finding that defendant repeatedly battered plaintiff, collateral estoppel works against defendant in the present case just as it did against the defendant in *Goldman.* Defendant's reliance on collateral estoppel is based on his erroneous belief that collateral estoppel bars claims rather than barring relitigation of issues. The trial court also erroneously applied collateral estoppel to preclude claims rather than issues.[2]

In *Goldman,* the application of collateral estoppel on the issue whether a battery occurred left damages as the only remaining issue. In the present case, plaintiff has alleged not only that batteries occurred, but that they constituted intentional infliction of emotional distress. We make no ruling as to which issues other than damages remain in this case once collateral estoppel is applied to establish that batteries did in fact occur. However, since defendant is estopped from denying that the batteries occurred, the issue of damages should be reached. As this Court directed in *Goldman,* defendant may raise as an affirmative defense the issue whether and to what extent the divorce judgment

---

[2] In addition, the trial judge distinguished *Goldman* on the basis that *Goldman* involved a consent judgment of divorce. The Court in *Goldman* noted that consent judgments may not be given collateral estoppel effect. However, this was an alternate basis for ruling that plaintiff's action was not barred. Moreover, the fact that the issue of the batteries was fully litigated in the present case lends stronger support for the position that it is defendant who is estopped from denying that the batteries occurred.

compensated plaintiff for any injuries she suffered as a result of the batteries.

Reversed and remanded.

E. M. Thomas, J., concurred.

G. R. McDonald, J. *(dissenting)*. I respectfully dissent.

I agree with the majority that the doctrine of res judicata does not apply to the facts of this case. However, I strongly disagree with its holding that offensive use of collateral estoppel precludes defendant from litigating the issue of battery.

Collateral estoppel bars the relitigation of *issues* previously decided between the same parties in a different cause of action. *Howell v Vito's Trucking & Excavating Co,* 386 Mich 37; 191 NW2d 313 (1971). When discussing litigated issues our Court has held:

> A question has not been actually litigated *until put into issue by the pleadings,* submitted to the trier of fact for a determination, and thereafter determined. [*Sahn v Brisson,* 43 Mich App 666, 670; 204 NW2d 692 (1972); *Cogan v Cogan,* 149 Mich App 375, 379; 385 NW2d 793 (1986). Emphasis added.]

The pleadings in the divorce action failed to raise the issues of battery or intentional infliction of emotional distress. Thus they were not actually litigated under the criteria set forth in *Sahn* and *Cogan.*

Fault is no longer material in obtaining a divorce in a "no-fault" state such as Michigan. However, our case law has held that fault may be considered by the court in determining an equitable division of property between the parties. Evidence concerning fault may encompass a broad

range of behavior between spouses which may include not only battery, but also infidelity, lack of support and love, etcetera. The torts of battery and intentional infliction of emotional distress were not the issues in the divorce action. They were merely evidence received in deciding the issue of who was at fault in causing the breakdown of the marriage relationship for the purpose of dividing the marital estate.

Further, in allowing the use of collateral estoppel offensively, the majority has deprived the defendant of his right to raise defenses based upon the pleadings under MCR 2.116(C), such as the statute of limitations. Since the issues herein were not pled in the first action, a motion for summary disposition under MCR 2.116(C) would have been inappropriate.

I would reverse the opinion of the trial court and allow the action to proceed on its merits.